## Simons v. Page.

### (*Jackson.* June 11, 1896.)

1. **Res Adjudicata.** *Administrator failing to plead "no assets" or "fully administered."*

   Failure of an administrator to make the defense of "no assets" and "fully administered" in answer to a *scire facias* to revive judgments rendered against his intestate precludes him from subsequently making such defense. (*Post, pp.* 724, 725.)

   Code construed: §§ 3109–3111 (M. & V.); §§ 2271–2273 (T. & S.).

   Cases cited: Blount *v.* Hopson, 1 Yer., 399; White *v.* Archbill, 2 Sneed, 595.

2. **Jurisdiction.** *Waiver of objection to, by administrator appearing and pleading to scire facias.*

   An administrator waives the question of jurisdiction of the court by appearing and pleading "no assets" and "fully administered" to writs of *scire facias* seeking execution against him personally on judgments rendered against his intestate. (*Post, p.* 726.)

3. **Injunction.** *Does not lie to stay collection of judgment against administrator, when.*

   An administrator against whom, as such, judgments against his intestate have been revived without any effectual plea by him of "no assets" or "fully administered," cannot enjoin the collection of the executions issued on such judgements out of his own property, unless he was prevented from making such defenses by fraud, accident, or wrongful act of the judgment creditors without negligence on his part. (*Post, pp.* 727, 728.)

4. **Administrator.** *Suggestion of devastavit sufficient to support scire facias.*

   A suggestion of record that there is a judgment against an administrator as such, and that execution has issued on such judgment and been returned *nulla bona* as to assets of the estate in the hands of the administrator, is equivalent to a

charge of *devastavit* sufficient to support a personal judgment against the administrator, unless he shows loss of the assets without his fault. (*Post, pp. 728, 729.*)

Cases cited and approved: Frierson *v.* Harris, 5 Cold., 146; Hillman *v.* Hickerson, 3 Head, 575; Griffith *v.* Beasley, 10 Yer., 434; White *v.* Archbill, 2 Sneed, 595; Graham *v.* Ruble, 1 Cold., 171.

---

### FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. J. L. T. SNEED, Ch.

HENRY CRAFT for Simons.

W. W. GOODWIN for Page.

JOHN T. ALLEN, Sp. J. Complainant filed her bill in the Chancery Court against defendants, to enjoin the collection of two executions issued from judgments of this Court, rendered at the last term, in two cases styled *Ellen Simons, Admx., Plaintiff in Error,* v. *J. C. Page,* being Nos. 52 and 55 on Shelby Law Docket of this Court at the last term.

The facts are as follows, to wit: J. C. Page recovered two separate judgments against James Simons, before a Justice of the Peace, for $490 and $304.20, respectively. James Simons died, leaving his wife, Ellen Simons, surviving. The widow, Ellen Simons, petitioned the County Court to appoint her administratrix of the estate of said James Simons, deceased,

and she was appointed, and qualified as such administratrix. J. C. Page had writs of *scire facias* issued by the Justice of the Peace before whom said judgments had been rendered against James Simons, which writs were directed to Ellen Simons, as administratrix of James Simons, deceased, commanding her to appear before said Justice, and show cause why these judgments against James Simons should not be revived against her as administratrix. These writs were duly served on said Ellen Simons, as administratrix of James Simons, deceased, but she made no appearance before the Justice, and never answered said writs of *scire facias*, and both of said judgments were revived against the said Ellen Simons, administratrix of James Simons, deceased, on September 20, 1891. On September 5, 1893, executions were issued from these judgments against Ellen Simons, administratrix of James Simons, deceased, and were returned by the officer indorsed *nulla bona*. Upon this return being made of these executions, the attorney of plaintiff, Page, made application, in writing, in each of said cases, as follows:

" *To J. M. Coleman, J. P.:*

"Application is hereby made to you on behalf of plaintiff, J. C. Page, to transmit to the Circuit Court of Shelby County, at the next term of said Court, to be held on the third Monday in September, the papers in the cases of *J. C. Page* v. *Ellen Simons*, administratrix of James Simons, being numbered 13,950 and 13,951 on your docket, together

with the executions issued in said cases, and returned *nulla bona*, to the end that further proceedings may be had therein against said administratrix *de bonis propriis*, and for *devastavit* committed by her.

"(Signed)      Wm. W. Goodwin,

"*Attorney for Plaintiffs.*"

When said Coleman, Justice of the Peace, made his indorsement upon the papers in each of said cases, as follows:

"These papers are sent to the Circuit Court of Shelby County, by order of plaintiff's attorney, for further proceedings. This September 9, 1893.

"(Signed)      J. M. Coleman, *J. P.*"

All the papers, including the executions returned *nulla bona* in each of said cases, together with said application of the attorney of plaintiff to transmit said papers, were transmitted to said Circuit Court, and filed in said Court.

On October 21, 1893, orders for writs of *scire facias* were entered by the Circuit Court of Shelby County in each of said cases, which was as follows:

"In this cause, upon motion of the attorney for plaintiff, it is ordered that writs of *scire facias* issue, to be served upon Ellen Simons, requiring her to appear on Saturday, the twenty-eighth day of October, 1893, and show cause, if any she have, why execution should not issue in this cause, to be levied of her own goods, upon the judgment heretofore rendered by J. M. Coleman, a Justice of the Peace

46—12 P

for Shelby County, and upon which execution has heretofore issued and been returned *nulla bona* as to assets in her hands as administratrix, which executions have been transmitted to this Court for further proceedings in accordance with the statutes in such cases provided.''

And *scire facias* was issued from the Circuit Court in each of said cases, and is as follows:

''STATE OF TENNESSEE.

''*To the Sheriff of Shelby County—Greeting:*

''Whereas, in the Circuit Court of Shelby County, in Memphis, on the twenty-first day of October, 1893, thereof, in the causes of J. C. Page, plaintiff, and Ellen Simons, administratrix, defendant, on motion of the attorney for plaintiff it was ordered that *scire facias* issue, and be served upon Ellen Simons, requiring her to appear on Saturday, the twenty-eighth day of October, 1893, and show cause, if she have any, why execution should not issue in this cause, to be levied of her goods upon the judgment heretofore rendered by J. M. Coleman, a Justice of the Peace for Shelby County, and upon which execution has heretofore been issued and been returned *nulla bona* as to assets in her hands as administratrix. You are therefore commanded to make known to said Ellen Simons the tenor and effect of this writ, and summon her to appear before the Judge of our Court, at the courthouse in the city of Memphis, on the twenty-eighth day of October, 1893,

then and there to show cause, if any she have, why said execution should not be issued as aforesaid.

"Herein fail not, and have you then and there this writ.

"Witness, John A. Strehl, Clerk of said Circuit Court, at office in Memphis, the third Monday in September, 1893.        JOHN A. STREHL, *Clerk*,
                    "L. E. ROSWELL, *D. C.*"

These writs were not served on Ellen Simons, and *alias* writs were issued, which were in the same form and language, which were served, and she, through her counsel, filed a plea of "no assets" and "fully administered." To this plea, the plaintiff demurred, and the Court sustained the demurrers, and gave the defendant further time to plead or make further answer to said writ of *scire facias;* and, no cause being shown by plea or answer why execution should not issue *de bonis propriis* against the said Ellen Simons, judgment was rendered against her in each of said cases, and she appealed to this Court, and assigned errors, and the judgment of the Circuit Court was affirmed by this Court at the last term.

It is insisted by the complainant that said Page failed to make of record in the Circuit Court a suggestion that the administratrix had committed a *devastavit*, and there was no foundation for these writs of *scire facias;* also, that the writs of *scire facias* upon which said judgments *de bonis propriis* were based, never contained the suggestion of a *de-*

*vastavit* having been committed by the administratrix. Hence, the insistence is that the Circuit Court did not have jurisdiction to render said judgments *de bonis propriis* against Ellen Simons, administratrix, and, therefore, said judgments are void.

It is also insisted that the plea of "no assets" and "fully administered" to said writs of *scire facias* did not raise the question now urged by the complainant, and that that question is still *res non adjudicata;* that it was not involved in the pleadings in the litigation in the Circuit Court nor on appeal in this Court.

The proceedings in said cases were under §§ 3109–3111 of M. & V. Code, which are as follows: "If a Justice's execution against an executor or administrator be returned 'no property found,' the Justice who rendered the judgment or who holds the papers in the cause shall, on suggestion and application of the plaintiff, his agent or attorney, return the papers to the next Circuit Court of his county. Upon said papers *scire facias* shall be issued, and all other proceedings be had for the satisfaction of such judgment, either out of the goods or chattels, lands and tenements, of the defendant, in case he has wasted the assets, or out of the real estate of the deceased. The like proceedings shall be had in case of an execution issued after the death of the debtor, and returned 'nothing found,' on a judgment recovered in his lifetime."

When the said Ellen Simons, as administratrix,

failed to appear before the Justice, and suffered said judgments against James Simons, deceased, to be revived against her, without any plea or answer to said writs of *scire facias* issued by the Justice, this was an admission by her that she had assets· in her hands as administratrix belonging to the estate of James Simons, deceased, sufficient to satisfy said judgments, and was conclusive upon her that she had assets to satisfy said judgments. Vol. III., Wms. Exrs., pp. 533, 548, 549 (7 Ed. by R. & T.); 1 Yerg., 399; 2 Sneed, 595.

"If, therefore, upon a *fieri facias de bonis testatoris* on a judgment obtained against an executor or administrator, either no goods can be found which were the testator's, or not sufficient to satisfy the demand, that is evidence of a *devastavit*, and, therefore, it is very reasonable that the executor should become personally liable and chargeable *de bonis propriis.*" 3 Wms. Exrs., 549.

"This action may be brought upon the judgment against the executor upon a bare suggestion of a *devastavit*, without any writ of *fi. fa.* first taken out upon the judgment. But the usual course is; first to sue out a *fieri facias* upon the judgment, and, upon the Sheriff's return of *nulla bona*, to bring the action and state the judgment, the writ and return, in the declaration or statement of the claim, and on the trial the record of the judgment, the *fieri facias*, and the return will be sufficient evidence to prove the case." 3 Wms. Exrs., 549.

"In this form of action the judgment was *de bonis propriis*. The executor or administrator might plead that he did not waste, etc., in manner and form, etc., and under this plea he might give in evidence that there were goods of the testator which might have been taken in execution, and that he showed them to the Sheriff. But the executor could not plead *plene administravit*, or any other plea which put his defense upon want of assets, for such plea would be contrary to what was admitted by the judgment, and, if the truth were that he had no assets, he should have set it up as a defense to the original action, and, having neglected to do so, he was not permitted to say so afterwards." *Ib.*

Under the statute, the Circuit Court had jurisdiction of the proceedings, and complainant waived the question of jurisdiction of the Court, if that was a question, by appearing and pleading "no assets" and "fully administered" to the writs of *scire facias*.

The written application of the attorney of Page, the creditor, made to the Justice, to transmit the papers to the Circuit Court, did suggest a *devastavit*, and that application was transmitted and filed, with the other papers in the cases, in the Circuit Court.

The order of the Circuit Court, which directed the issuance of the *scire facias*, stated there was a judgment before the Justice of the Peace, and that execution had issued from said judgment, and had

been returned *nulla bona,* as to assets in her hands as administratrix, and that the papers had been transmitted to the Circuit Court for further proceedings, in accordance with the statute in such cases, and directed said writ of *scire facias* to issue, to be served on said Ellen Simons, requiring her to appear and show cause, if she had any, why execution should not issue in these causes, to be levied of her own goods.

Now, while this order does not state that a *devastavit* had been committed, the facts stated in said order make out a case of *devastavit,* which facts were also recited in the writ of *scire facias,* and could have been met only by a plea or answer denying that she had wasted the assets of said estate, unless it was that the order and writ failed to state a sufficient cause of action to give the Circuit Court jurisdiction of the proceedings; and, in that event, the administratrix should have defended said action on that ground.   But she failed to make either of these defenses, and pleaded ''no assets'' and ''fully administered.''   She was concluded by the judgment from making this defense, and her plea was stricken out, and judgment went against her *de bonis propriis.*

The only defense offered by her in the Circuit Court, was the defense she should have made before the Justice, in answer to the *scire facias* issued there to revive said judgments against her as administratrix of James Simons, deceased, and, failing to make the defense there that there were ''no assets'' and

"fully administered," she was concluded by the judgments from ever afterwards making that defense. And if she could not make that defense in that proceeding after judgment had been revived against her as administratrix, it would be strange, indeed, if she could, on the grounds there were really no assets of said estate, enjoin the collection of the executions issued from the judgments, *de bonis propriis*, by bill in Chancery Court, which she has attempted to do in this case, unless she was prevented from making her defenses at law by fraud, accident, or some wrongful act of defendant, unmixed with negligence on her part, which is not alleged.

The cases of *Frierson, Admr. of Embry*, v. *The Heirs of Harris*, 5 Cold., 146, and *Hillman Brothers* v. *Wiley Hickerson*, 3 Head, 576, are to the effect that the writ of *scire facias* is a proceeding, and must be based on a suggestion of record, and must be awarded by the Court.

And when an administrator has been guilty of a *devastavit*, a suggestion of the *devastavit* must first be made of record, as the ground for issuing the writ of *scire facias*, and that the writ of *scire facias* must also contain a suggestion of *devastavit*.

If the suggestion of record state that there is a judgment against the administrator, and that execution has issued from said judgment and been returned *nulla bona*, as to the assets of the estate in hands of administrator, that is, in the opinion of the Court, equivalent to a charge of *devastavit*, but, like

a suggestion of *devastavit*, it is not conclusive, but is sufficient to support a judgment *de bonis propriis*, unless the administrator pleads and shows that he has not wasted the estate, which he can do in the face of the return of *nulla bona*. But if the suggestion of record does not state such facts as make out a case of *devastavit* of themselves, then there must be a suggestion of *devastavit* made of record, on which to base a writ of *scire facias;* and said writ must contain a charge or suggestion that the administrator has committed *devastavit*, in order to support a judgment *de bonis propriis*. The administrator may answer the writ of *scire facias* and show that he has not committed a *devastavit*, by showing that there were goods of the intestate which might have been taken on the execution, and that he showed them to the Sheriff; or, that after judgment, which in law amounts to a confession of assets, the goods or assets of the estate were destroyed under circumstances which exonerate the administrator from personal liability, because not constituting a *devastavit*. *Griffith* v. *Beasly*, 10 Yer., 434; *White* v. *Archbill*, 2 Sneed, 595; *Graham* v. *Ruble*, 1 Cold., 171.

Notwithstanding the judgments *de bonis propriis* against Ellen Simon, administratrix, may operate harshly upon her, the judgment being valid, the Court is unable to grant her any relief on her bill, and the decree of the Chancellor is reversed, and the bill dismissed.