## TEXAS LOAN & TRUST COMPANY v. L. E. ANGEL.

Decided April 22, 1905.

**1.—Impeachment of Witness—Charge.**

Where evidence is introduced to impeach a witness by showing statements of his out of court different from his testimony, it is error for the court to fail by its charge to limit the consideration of the impeaching testimony to the purpose for which it was admitted.

**2.—Charge—Request for.**

Where, on an issue not embraced in the main charge, a special charge is asked which is incorrect, but sufficient to call attention to the omission, the court should give a correct instruction covering the issue.

**3.—Same—Affirmative Presentment of Defense.**

Where contributory negligence was pleaded as a defense, and the main charge presented that issue only in a general way, the defendant was entitled, upon request therefor, to an instruction grouping the facts relied on and affirmatively presenting such defense.

Error from the District Court of Dallas.   Tried below before Hon. Richard Morgan.

*Finley, Knight & Harris* and *Etheridge & Baker,* for plaintiff in error.

*Morris & Crow* and *Wendell Spence,* for defendant in error.

RAINEY, CHIEF JUSTICE.—The defendant in error sued plaintiff in error to recover damages for personal injuries caused by the alleged negligence of plaintiff in error's servant in the operation of an elevator in use in the building of plaintiff in error.   The defendant plead the general issue and contributory negligence.   A trial resulted in a judgment for plaintiff, and defendant prosecutes this appeal.

Plaintiff in error owned an office building in the city of Dallas in which it operated an elevator by electricity.   Defendant in error was officing in said building and had a lawful right to use the elevator. The defendant in error was on the third floor, and desiring to descend, entered the elevator, and in closing the door by the elevator boy her skirt was caught and fastened, and as the elevator descended, her skirts were drawn and she was suspended and in some manner, unnecessary to here state, she was severely injured.

There were but two witnesses who testified to the occurrence, the defendant in error and one Glasgow, the elevator man, and the testimony of these two conflict in some material particulars.   The defendant in error introduced one Whitehurst to impeach the testimony of Glasgow by showing that Glasgow had made other and different statements out of court from those made on, the trial.   The testimony of Whitehurst as to the purport of such statements tended to show negligence on Glasgow's part in the operation of said elevator.   To limit this testimony to the only purpose for which it was admissible, the defendant requested the court to give the following instruction, to wit:   "You are instructed that you can not consider the evidence of the witness Whitehurst as tending to establish negligence on the part of the defendant."   We are not prepared to say that this charge is couched in such language as required it to have been given, but it was sufficient to call the court's attention to the fact, and the court should have submitted an instruction limiting the testimony of Whitehurst to the purpose for which it was admitted.

When testimony is admissible for the purpose of impeaching a witness by showing that he has made statements out of court different from those made by him on the trial, it is error for the court to fail by its charge to limit its consideration by the jury to the purpose for which it was admitted.   (Halsell v. Decatur Cotton Oil Co., 36 S. W. Rep., 843; Wier v. McGee, 25 Texas Supp., 21; Railway Co. v. Johnson, 72 Texas, 95; Telegraph Co. v. Wingate, 6 Texas Civ. App., 394; Railway Co. v. Harris, 30 Texas Civ. App., 179, 70 S. W. Rep., 335.)

Where a special charge is asked on an issue not embraced in the main charge, though incorrect, if it is sufficient to call the court's attention to the omission, the court should prepare and give a correct instruction covering that issue.   (Cleveland v. Empire Cotton Mills, 6 Texas Civ. App., 478; Railway Co. v. Cusenberry, 86 Texas, 525; Railway Co. v.

Mangham, 29 Texas Civ. App., 486, 69 S. W. Rep., 80.)    Without this testimony being restricted, we can not say that the purpose for which it was admitted is so obvious as that the jury may not have considered it for all purposes, and the court erred in not giving a charge limiting it.

The defendant asked the following charge, which was refused by the court, to wit: "Gentlemen of the jury:    You are instructed that ordinary care is that degree of care which an ordinarily prudent person would exercise under like circumstances, and you are instructed that it was the duty of plaintiff, on entering and taking her position in the elevator, to exercise ordinary care for her own safety.    If you believe from the evidence that a lady of ordinary care and prudence, on entering the elevator under like circumstances to those in this case, would have seen to it that her skirts cleared the door of the elevator so as not to be caught on the closing of the door, and you further believe that plaintiff failed to exercise ordinary care in this respect, then you are charged that this would constitute contributory negligence on her part, and the defendant could not be held liable for any injury that resulted to her in consequence of her dress being caught in the door of the elevator, unless you should further believe that after discovering plaintiff's peril the operator of the elevator failed to exercise proper care in the use of the means at hand to avoid injury to her."    In refusing this charge the court erred.

The defendant plead contributory negligence, and the court only presented it in a general way, not applying the law to the facts.    The defendant is entitled to have the facts on which it relies, grouped and its defense presented affirmatively, and the failure of the trial court to so present it, if requested, is reversible error, if not so presented in the main charge.    (Railway Co. v. McGlamory, 89 Texas, 635; Railway Co. v. Rogers, 91 Texas, 52; Railway Co. v. Cassiday, 92 Texas, 525.)

We have considered the other errors assigned and do not deem them well taken.    For the errors stated, the judgment is reversed and cause remanded.

*Reversed and remanded.*