## FRED W. WOLF COMPANY v. D. C. GALBRAITH.

### Decided May 6, 1905.

#### 1.—Damages—Breach of Contract—Prevented Profits.

Where defendant was sued for failure to deliver an ice machine by March 23, 1898, as contracted, and plaintiff claimed as damages the loss of profits on sale of ice under a contract to supply a third person with ice during that season, but there was no evidence as to the time required after the stipulated date for the delivery of the machine to install and test it, as provided for in the contract, there was no basis for correctly determining the amount of the damages so sustained.

#### 2.—Principal and Agent—Denial of Authority—Pleading.

Where defendant's answer denied the authority of an agent to make certain material changes in the printed proposals made to plaintiff and accepted and declared on by him as the contract, and plaintiff made no replication to this defense, it was error, it seems, to allow plaintiff to prove that defendant had knowingly permitted the agent to hold himself out as defendant's manager, with authority to execute such contracts.

#### 3.—Same—Estoppel.

To make one liable for the unauthorized acts of another, the principal must not only permit the alleged agent to hold himself out as such, but the person dealing with him as agent must be deceived to his prejudice by the false representation; and this fact of estoppel should be pleaded.

#### 4.—Same—Evidence—Discrediting Agent.

Where there was a material conflict between plaintiff and the agent, letters written by the agent to plaintiff more than a year after the transaction in question were admissible for the purpose of discrediting the agent as a witness, and should have been limited to that purpose.

#### 5.—Damages—Prevented Profits.

For failure of the seller to deliver an ice machine the buyer is entitled to recover only the net profits he would have made with the machine, and in arriving at such profits the interest on the investment, or at least the year's interest on a deferred payment which plaintiff would have had to pay, together with all necessary expenses, including insurance provided for in the contract, should be taken into account.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*Orrick & Terrell* and *W. P. Gibbs,* for appellant.

*W. E. McConnell, Crudgington & Penix* and *Theodore Mack,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This is the second appeal in this case, the judgment having been reversed on the former appeal because the court refused to submit a material issue of fact to the jury, as will be seen from the opinion of Justice Speer, reported in 80 S. W. Reporter, page 648, where the case is stated and the main issues are discussed.

The judgment must now be reversed because the evidence did not warrant the verdict, which was in the sum of $1,617, to cover profits

lost on the sale of ice, which appellee failed to make and deliver to T. J. Green for want of the ice machine which appellant had refused to deliver to appellee. The evidence tended to prove that appellee had a contract with Green, of which appellant had notice, to sell at a profit all the ice Green could use in his business at Mineral Wells, Texas, during the season of 1898, and also that Green would have used about three hundred tons during that year; but the proof utterly failed to show, approximately even, when the ice machine would have been installed had appellant delivered it according to the alleged contract. By the terms of this contract the machinery was not to be delivered before the 23d of March, 1898, and it it evident that some time must have elapsed after that date before it could have been put up and tested, as contemplated in the contract. Without some evidence as to the probable length of time required for this purpose, the jury had no means of ascertaining the probable amount of ice Green would have taken from appellee during that season. They were thus left entirely to conjecture as to a matter capable of proof, but as to which none was offered. This state of the evidence was called to the court's attention in the motion for new trial, and is repeatedly and conspicuously urged in the brief of appellant, but appellee has not seen fit to take any notice of it in his brief. As the case has been submitted to us we would be warranted, therefore, without examining the statement of facts, in treating this contention as conceded, but a careful reading of the record shows it to be well founded. Indeed, the petition itself fails to allege this important fact.

In view of another trial, we call attention to another omission in appellee's pleadings. Appellant, in its answer, denied the authority of Maddox to make the material changes that were made in the written or printed proposal made to appellee, and accepted and declared on by him as a contract. To this defense appellee filed no replication, and yet sought, on the trial, to prove that appellant had knowingly permitted Maddox to hold himself out as its manager in Texas, with authority to execute such contracts, which issue was also submitted to the jury in the charge. No complaint, however, has been made in appellant's brief of the failure of appellee to file a plea in avoidance of this defense, or of a similar defect in the charge. To make one liable for the unauthorized acts of another, the principal must not only permit the alleged agent to hold himself out as such, but the person dealing with him as agent must be deceived to his prejudice by the false representation, and this fact of estoppel should be both pleaded and proved. (Rail v. City National Bank, 3 Texas Civ. App., 557, 22 S. W. Rep., 865; St. Louis S. W. Ry. Co. v. McKnight, decided by this court on April 15, 1905.)

The error in the fifth paragraph of the charge was evidently due to clerical misprision, and therefore need not be discussed.

The letters from Maddox to appellee, written a year or more after the transaction in question, were admissible for the purpose of discrediting Maddox as a witness, between whom and appellee there was a material conflict; but the testimony should have been so limited.

Other questions raised in appellant's brief were sufficiently discussed on the former appeal; but on the right of appellee to recover prevented profits may be cited the additional case of Sun Manufacturing Co. v. Egbert & Guthrie (12 Texas Ct. Rep., 17), since decided by this court,

in which writ has been refused. On this issue, too, it may not be amiss to add that appellee would in no event be entitled to recover, as prevented or lost profits, more than the net profits. That is to say, he would not be entitled to recover more than he would have made, clear of all expense, had the machine been delivered. The purchase price of the ice plant contracted for was $4,223, payable as follows: $323.86 on shipment of the machine, $500 when the machine should be erected and produce five tons of merchantable ice daily, and $3,400 in twelve months from the shipment of the machine, with seven percent interest to be paid semi-annually. In arriving at the net profits which appellee was prevented from making by the failure of appellant to deliver the machine, the interest on the investment, or, at least, the year's interest on the deferred payment, which he would have had to pay had the machine been delivered, together with all necessary expenses (including the cost of insurance provided for in the contract) which he would have incurred and did not incur, should be taken into account. It seems from the evidence that considerable expense was incurred in preparing a place for the machine, which he might have recovered in addition to prevented profits, but the petition failed to make this claim.

For the error first noticed the judgment is reversed and the cause remanded.

*Reversed and remanded.*