SILSBEE ICE & MFG. CO. v. TIPPETT-STANLEY-GARNER CO.

(Court of Civil Appeals of Texas. Galveston. June 19, 1913.)

CORPORATIONS (§ 425*)—AUTHORITY OF AGENT —ESTOPPEL OF PRINCIPAL.

Where the manager of an ice company authorized a bookkeeper to make purchases necessary to prevent the suspension of work, but did not authorize him to make any other purchases, and the bookkeeper purchased a reboiler to test an invention in which he was interested, plaintiff, relying solely on his statement that he was manager, cannot recover against the ice company; it appearing that it forbade the use of the machine when it discovered the purchase, and that plaintiff did not know of the bookkeeper's previous purchases.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701, 1705; Dec. Dig. § 425.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by the Tippett-Stanley-Garner Company against the Silsbee Ice & Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

A. F. Brigance, of Navasota, and F. J. & C. F. Duff, of Beaumont, for appellant. J. D. Wilkerson, of Beaumont, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant. In his amended petition plaintiff alleged: "That during the month of August, 1910, the firm of Tippett-Stanley-Garner were engaged in the manufacturing business of tin, iron, and steel in the city of Beaumont; that during the month of August, 1910, one J. A. Shepard employed the firm of Tippett-Stanley-Garner to manufacture and deliver to the defendant, Silsbee Ice & Manufacturing Company, two pans for the manufacture of ice; that one of the pans was to be delivered to the Silsbee Ice & Manufacturing Company at Silsbee, and the other to be delivered to the Beaumont Ice, Light & Refrigerating Company at Beaumont. The Tippett-Stanley-Garner Company manufactured the pans in accordance with

the order of J. A. Shepard and delivered them to the Silsbee Ice & Manufacturing Company at Silsbee and the Beaumont Ice, Light & Refrigerating Company at Beaumont; that, under the terms of the contract between J. A. Shepard and the Tippett-Stanley-Garner Company, the defendant, Silsbee Ice & Manufacturing Company, was to pay for all the material used and for the labor in building the pans at the usual and customary rate. The pan manufactured and delivered to the Beaumont Ice, Light & Refrigerating Company cost and was reasonably worth the sum of $262.85; that the pan delivered to the defendant Silsbee Ice & Manufacturing Company at Silsbee was of the reasonable value and cost of $146.95; that the defendant, through its agent or manager, J. A. Shepard, agreed to pay to the firm of Tippett-Stanley-Garner the sum of $409.80 for said work, but though often requested they have failed and refused to do so." Plaintiff prayed for damages against the Silsbee Ice & Manufacturing Company in the sum of $409.80, with interest from September 1, 1910, at the rate of 6 per cent. per annum.

In addition to a general demurrer and general denial, the defendant especially denied that J. A. Shepard was its agent and averred that if the said Shepard employed the plaintiff firm to manufacture said pans, as alleged in plaintiff's petition, he had no authority to make such contract and defendant is not bound thereby.

By supplemental petition plaintiff alleged that J. A. Shepard was employed as the agent of the Silsbee Ice & Manufacturing Company and was placed in charge of all its usual and customary business at that point; that Shepard was permitted to purchase goods, wares, and merchandise in the name of and upon the credit of the defendant; that the defendant had no other agent or employé at Silsbee with higher authority than said J. A. Shepard actually had; and that J. A. Shepard held himself out to the world as the manager or agent of said defendant at Silsbee, and was permitted by the Silsbee Ice & Manufacturing Company to so hold himself out, and that, if there were any restrictions upon the authority of the said J. A. Shepard, same was done in secret and undisclosed. Plaintiff further alleged that it knew that Shepard claimed to be the manager of the plant of the defendant at Silsbee, and that the order for the payment as given to the plaintiff was signed by J. A. Shepard as manager. The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the sum of $453.44.

After a careful consideration of the statement of facts, we have reached the conclusion that there is not sufficient evidence to sustain the finding of the trial court that Shepard was authorized by appellant to make the contract with appellee for the manufacture of the pans, or that appellee in making the contract relied upon any apparent authority of Shepard to bind appellant by said contract. The undisputed testimony shows that Shepard was the bookkeeper for the appellant corporation, which operated an ice manufacturing plant at the town of Silsbee. R. W. Horlock was the general manager of the appellant company. He lived at Navasota and only went to Silsbee every week or two, as necessity arose, for his personal presence in directing the business of the company. His bookkeeper and his engineer who ran the ice plant made daily reports to him. Shepard, the bookkeeper, had no authority to make contracts for the company or to make any purchase of supplies except in cases of emergency and for articles needed for immediate use to prevent the shutting down of the plant. The extent of his authority is thus stated by the witness Horlock: "He had orders that in case of emergency, when they needed pipe fittings, valves, or packing, or anything to keep the plant from shutting down, he need not take it up with me, but to order it and it would be all right."

The pans in question were ordered by Shepard without the consent or knowledge of the manager, and as soon as he found that one of them had been placed in the plant he ordered its use discontinued. The pans or reboilers, as they are called, were ordered by Shepard for the purpose of testing an invention of the engineer of appellant for which a patent had been obtained and in which it seems Shepard was interested. The appellant had no connection with the Beaumont Ice, Light & Refrigerating Company, and the manager of appellant did not know until months after the transaction that the reboilers or pans had been ordered for appellant or had been charged to it. The pan sent to appellant's plant was not used with the consent or knowledge of the manager, and after he discovered that it had been placed in the plant, as before stated, he ordered its use discontinued and it was taken out and is now lying on the ground near appellant's plant. The evidence shows that, under the authority given Shepard to order supplies in case of emergency, he had frequently sent small orders to the E. L. Wilson Hardware Company at Beaumont, and appellant had paid for the goods so ordered, but there is no evidence that appellee had any knowledge of these transactions when it accepted and filled Shepard's order for the manufacture of the pans.

The evidence wholly fails to show that appellee in making the contract with Shepard relied upon or had knowledge of any facts which would justify the belief that Shepard had authority from appellant to make said contract. So far as the evidence shows, appellee in making the contract relied solely upon Shepard's statement that he was the manager of appellant corporation. Upon these facts, no estoppel could be claimed

against appellant by which it could be held liable except upon the unauthorized contract of Shepard. Rail v. Bank, 3 Tex. Civ. App. 557, 22 S. W. 865; Wolf Co. v. Galbraith, 39 Tex. Civ. App. 351, 87 S. W. 390. Shepard was not held out by appellant as its general agent or manager and had neither real nor apparent authority to make the contract with appellee.

Such being our conclusion from the undisputed evidence, it follows that the judgment of the court below should be reversed and judgment here rendered in favor of appellant, and it has been so ordered.

Reversed and rendered.