A. J. BIRDSONG & SON v. ALLEN et al.
(No. 614.)

(Court of Civil Appeals of Texas. Amarillo.
May 2, 1914.)

1. EVIDENCE (§ 230*)—ADMISSIBILITY—LET-
TERS.

In an action for the conversion of cotton,
which a chattel mortgagee claimed under a
mortgage made by a landowner before he con-
veyed to defendants, a letter written by the
landowner, explaining that he had sold the land
and was renting from the grantee on shares,
and that defendants were to take the first cot-
ton, is admissible only against the writer.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 835–851; Dec. Dig. § 230.*]

2. EVIDENCE (§ 589*) — WEIGHT — SUFFI-
CIENCY.

The jury are not bound to accept the testi-
mony of the parties to the cause.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 2438; Dec. Dig. § 589.*]

3. TRIAL (§ 143*)—JURY QUESTION.

Where the evidence as to an issue of fact
is conflicting, the question is one for the jury.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 342, 343; Dec. Dig. § 143.*]

4. JUDGMENT (§§ 98, 310*)—DEFAULT—CODE-
FENDANTS—AMENDMENT.

Where one of the several defendants, though
duly cited, made default, the court should have
rendered judgment against him by default;
hence the judgment for plaintiff was properly
amended so as to include him, though the ver-
dict failed to mention him.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 156–158, 601–603; Dec. Dig. §§
98, 310.*]

5. JUDGMENT (§ 314*)—VERDICTS—AMEND-
MENTS.

Under the direct provisions of Rev. St.
1911, art. 2016, a judgment following the ver-
dict may be amended in case of miscalculation,
where it can be done by reference to the record.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 610–612, 616; Dec. Dig. § 314.*]

Appeal from Jack County Court; J. P.
Simpson, Judge.

Action by W. V. Allen against A. J. Bird-
song & Son and another begun in justice
court. From a judgment for plaintiff, the
named defendants appeal. Reversed and
remanded.

See, also, 165 S. W. 46.

Sporer & McClure, of Jacksboro, for ap-
pellants. Fitzgerald & Cox, of Wichita Falls,
for appellees.

HALL, J. R. O. Wilson executed two
notes to W. V. Allen for $68 each and a
mortgage upon two bales of cotton to be
raised by him during the year 1912, to se-
cure one of the notes. Thereafter Wilson
sold the land, upon which the cotton describ-
ed in the mortgage was to have been grown,
to A. J. Birdsong & Son, and entered into a
contract with Birdsong & Son for the culti-
vation of the land. According to the terms
of this contract it is contended by the appel-
lants that the relation of master and serv-

ant between Birdsong and Wilson existed,
and because of such relation the chattel
mortgage given by Wilson to Allen was de-
stroyed. Allen instituted this suit in the jus-
tice court of Jack county to recover the
amount of the notes and against Birdsong
for the value of the two bales of cotton.
The record shows no pleadings whatever on
the part of either Wilson or plaintiff Allen.

[1] The first assignment of error complains
of the action of the court in admitting in
evidence a letter written by Wilson to Allen,
in which Wilson states: "The landlord taken
the first two bales of cotton. I sold my
place last fall and rented on the halves this
year so the landlord furnished me this year,
and he would not let me have the first two
bales," etc. The material issue in the case
was as to the relationship existing between
Wilson and the appellants. Appellants in-
sist that while this letter may have been ad-
missible as against Wilson, its effect should
have been limited, and the jury instructed
that it was not admissible as against them.
This assignment must be sustained, and be-
cause the court failed to limit the effect of
the letter in its charge, the judgment must
be reversed, and the cause remanded. Wolf
v. Galbraith, 39 Tex. Civ. App. 351, 87 S. W.
390; Texas Loan & Trust Co. v. Angel, 39
Tex. Civ. App. 166, 86 S. W. 1056.

The second assignment of error complains
that the charge of the court did not state
correctly the plaintiff's cause of action to
the jury. Reference to the charge shows
that this assignment is not well taken. In
fact the statement made by appellant in the
brief contradicts the assignment.

The third and fourth assignments assail
the charge of the court. We think the charge
as a whole was a correct presentation of the
issues presented by the appellant's amended
original answer and the general denial of
the plaintiff presumed by the statute.

[2, 3] The sixth, seventh, eighth, ninth, and
tenth assignments go to the sufficiency of the
evidence to support the verdict and judg-
ment. The testimony of Allen is that Bird-
song first claimed the cotton by virtue of
his landlord's lien. The testimony of Bird-
song and his son, supported by the testi-
mony of Wilson, tends to show that the re-
lation of landlord and tenant or tenants in
common did not exist between them, but that
the relation was that of master and serv-
ant. We are not informed by appellants'
brief what the special charges requested and
refused were, but reference to the transcript
shows that they practically presented the
same issues as the general charge; and, in
view of the conflict in the evidence, and by
reason of the rule that the jury were not
bound to believe either of said witnesses,
since they were parties to the suit, and in-
terested in the controversy (Thomas v. Saun-
ders, 150 S. W. 769), we think the court was
correct in submitting the issues to the jury,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

and that the evidence was sufficient to require such submission.

[4] The record discloses that the court first rendered a judgment against Birdsong & Son, in favor of W. V. Allen, and, upon motion thereafter made and at the same term, amended the judgment, both as to parties and amount, and complaint is made under the eleventh assignment that, because the verdict of the jury did not mention Wilson, no judgment should have been rendered against him. Wilson was duly cited and filed no answer, and in no way contested the right of appellee Allen to recover against him. The court should therefore have rendered judgment by default against Wilson, and the amendment of the first judgment to that extent was proper.

[5] The verdict of the jury was in favor of plaintiff, "for the amount of note and interest to date, and 10 per cent. for attorney's fees as stipulated by same, amounting to $85.56," and the first judgment was rendered in favor of Allen against Birdsong & Son for that amount. Upon motion, however, it was ascertained that the jury had made a miscalculation, and that the amount of the note secured by chattel mortgage upon the cotton converted by Birdsong & Son was $91.-60. Article 2016, R. S. 1911, expressly authorizes the court to correct its judgment where it can be done by reference to the record in cases of miscalculation.

Appellant insists that the judgment against Birdsong & Son is upon the note. We do not so construe the judgment. We think it is against them for an amount equal to the note, interest, and attorney's fees, but for the value of the cotton alleged to have been converted by them to that extent. However this may be, it is an error which will not probably arise upon another trial.

The fourteenth and fifteenth assignments of error are without merit. Because of the error of the court in refusing to limit the effect of the letter from Wilson to Allen, the judgment is reversed, and the cause remanded.