DAWSON & YOUNG v. NUNN & LATHAM.
(No. 793.)

(Court of Civil Appeals of Texas. El Paso. Jan. 24, 1918. Rehearing Denied Feb. 14, 1918.)

1. PRINCIPAL AND AGENT ⊜149(3) — UNAUTHORIZED ACTS—DUTY OF THIRD PERSON TO ASCERTAIN AUTHORITY.

Those who undertake to deal with one assuming to be an agent are bound at their peril to ascertain both the fact of agency and its nature and scope.

2. PRINCIPAL AND AGENT ⊜122(1) — EVIDENCE—SCOPE OF AUTHORITY.

The declarations of the agent are not admissible against his principal for the purpose of establishing or enlarging his authority.

3. EVIDENCE ⊜121(2)—RES GESTÆ—ADMISSIBILITY—AUTHORITY TO MAKE STATEMENTS.

It is the authority of the agent to make a statement that renders it admissible against the principal's interests, and to receive such a statement as evidence of that authority as res gestæ would be to proceed in a circle.

4. PRINCIPAL AND AGENT ⊜102(1) — THIRD PERSONS—APPARENT AUTHORITY.

It is not within the scope of apparent authority of an agent employed to buy cattle on commission to contract for his principal with others to assist him in buying, and to bind his principal for additional commission for such purchase.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Dawson & Young against Nunn & Latham. Judgment for defendants, and plaintiffs appeal. Affirmed.

O. L. Bowen, of El Paso, for appellants. Lea, McGrady & Thomason, of El Paso, and E. P. Phelps, of Houston, for appellees.

HIGGINS, J. Dawson & Young, plaintiffs, are partners engaged in buying and selling cattle upon commission. Nunn & Latham, defendants, are partners in the cattle business. Defendants engaged A. J. Davis as their agent to go into Mexico and buy cattle for them. Davis went to Chihuahua, Mex., and got into communication with plaintiffs. He stated to them that he was defendants' agent and came to Mexico to buy cattle for them; that he was authorized by his principals to agree to pay a commission for the purchase of cattle and to act for them in all respects regarding the purchase thereof. In the name of his principals he agreed to pay plaintiffs a commission of $1 per head for all cattle which he might buy for them through plaintiffs. Thereafter he purchased for his principals 1,600 head from Juan Corrillo. Plaintiffs put Davis in communication with Corrillo, and it was through them that he purchased the cattle. Defendants paid the

purchase price of the cattle to Corrillo, and after their purchase Davis, aided by plaintiffs, brought the cattle to the United States where Davis delivered same to defendants. Defendants admitted that they had employed Davis to buy cattle for them in Mexico and that they agreed to pay him a commission of 50 cents per head and his expenses of making the trip; that on two or three occasions prior to this he had bought cattle for them on commission in Mexico; that prior to the purchase of the Corrillo cattle Davis had told them that he could buy same for $15 per head, and they had authorized him to buy same at that price, and to compensate him for his services agreed to pay him a commission of 50 cents per head and expenses of trip; that they would not have bought the cattle at the price named if they had had to pay the extra $1 per head to plaintiffs; that they paid to Davis his commission of 50 cents per head and expenses without notice of any claim by plaintiffs.

From the statement made, it will be noted that the fact of Davis' agency is admitted, but defendants' evidence establishes that he was without authority to agree in their behalf to pay plaintiffs a commission of $1 per head. The only evidence offered by plaintiffs to show such authority is their own testimony that Davis in his negotiations with them stated that he was authorized in defendants' behalf to agree to pay plaintiffs a commission of $1 per head and had authority to act for them in all respects regarding the purchase.

At the conclusion of the evidence the court, upon motion of defendants, struck out the plaintiffs' evidence as to statements made to them by Davis tending to show his authority to agree to pay them a commission, and gave a peremptory instruction in defendants' favor. In accordance with such instruction verdict was returned and judgment rendered for defendants.

### Opinion.

[1] It is a well-settled rule that those who undertake to deal with one assuming to be an agent are bound at their peril to ascertain not only the fact of agency but the nature and extent of his authority. 1 Mechem on Agency (2d Ed.) § 773.

[2] Another well-settled rule of the law of agency is that the declarations of the agent are not admissible against his principal for the purpose of establishing or enlarging his authority.

[3] Appellants insist that the declarations of Davis as to the extent of his authority were a part of the res gestæ, and, as such, admissible and competent to prove the same. It is the authority to make a statement that renders it admissible against the principal, and to receive such a statement as an evi-

dence of that authority would be to proceed in a circle. Tiffany on Agency, 256; 1 Mechem on Agency (2d Ed.) § 285; Buzzard v. Jolly (Sup.) 6 S. W. 422. As to the rule admitting as a part of the res gestæ statements and admissions of the agent binding upon the principal, see generally 2 Mechem, §§ 1781–1784, and 1792 et seq. It has no application here.

[4] There is no evidence of ratification, and it is certainly not within the scope of the apparent authority of an agent employed upon a commission to buy cattle to make a contract on behalf of his principal with other persons to assist him in buying cattle, and to bind his principal to pay them additional commissions as compensation for their services. There is therefore no question of estoppel involved.

There being no competent evidence to show that Davis was authorized to agree in behalf of his principals to pay a commission to plaintiffs, the peremptory instruction in defendants' favor was properly given.

Affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.