### FARMERS' UNION CO-OP. CLEARANCE HOUSE OF RUSK v. GUINN.
#### (No. 2031.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1919.)

1. MASTER AND SERVANT ⬤⟶6—EMPLOYMENT FOR A YEAR—SUFFICIENCY OF EVIDENCE.

In action against co-operative store corporation for breach of contract of employment between it and one offered position of manager, but employed actually as subordinate at same salary until incumbent manager should retire, evidence *held* to justify finding employment was for one year, in view of custom of company to employ manager annually.

2. PRINCIPAL AND AGENT ⬤⟶137(1), 147(2)— DUTY TO ASCERTAIN EXTENT OF AUTHORITY —ESTOPPEL OF PRINCIPAL.

Generally it is duty of one who deals with agent to ascertain extent of his authority, and lack of authority can be pleaded by principal, except when conditions exist which estop him from setting up defense.

3. PRINCIPAL AND AGENT ⬤⟶189(4)—ACTION —PLEADING ESTOPPEL OF PRINCIPAL.

To make estoppel of principal from setting up his agent's lack of authority available to the other party, it must be pleaded by such other party in his action against the principal.

Appeal from Cherokee County Court; C. F. Gibson, Judge.

Suit by John B. Guinn against the Farmers' Union Co-operative Clearing House of

---

Rusk. From a judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

Norman, Shook & Gibson, of Rusk, for appellant.

Guinn & Guinn, of Rusk, and Beeman Strong, of Austin, for appellee.

HODGES, J. In 1916 and 1917 the appellant, as a trading corporation, was conducting a co-operative store doing a mercantile business at Rusk, in Cherokee county, Tex. Its affairs were under the immediate supervision and control of a manager, who was selected annually by the stockholders on the recommendation of the board of directors. In November, 1916, the appellee was offered by the board of directors the position of manager, at a salary of $75 per month, to begin at once. The offer was made and accepted by letters passing between the parties. When the appellee presented himself for work, he was informed that Bridges, the manager in charge of the business at that time, would remain in the service till about the 1st of January, or later, and it was then agreed that the appellee should begin work as a subordinate at $75 a month, and should assume the duties of manager when Bridges retired. This the appellee did, and continued in that line of service till January 6, 1917, when he was discharged for the reason that the stockholders, at a regular meeting, had decided to retain Bridges. The appellee instituted this suit, and recovered a judgment for $136 as damages for the breach of that contract of employment.

[1] The appellant insists that under this contract there was no definite term of employment agreed upon, and hence the contract might be terminated at will by either party. It is true that it was not expressly stipulated that the appellee should remain in the service one year, or for any definite length of time; but the evidence shows that it was the custom of the corporation to employ a manager annually, and to require of him a bond conditioned for the faithful performance of his duty. The jury had a right to conclude that, with a full knowledge of this custom, the parties had it in mind and contracted with reference to that term of service.

[2, 3] Among other defenses pleaded, and here relied on, is a provision in the appellant's by-laws which reserves to the stockholders the power of employing the manager of the store. The authority of the board of directors extended no further than making recommendations for that position. It is thus made to appear that the board, with whom the appellee contracted, had no power to bind the appellant in a contract of that character. It is true that under the evidence adduced the court or jury might have found that the making of such a contract was within the apparent powers of the board, and that the appellant was estopped to deny its authority. As a general rule it is the duty of, one who deals with an agent to ascertain the extent of the agent's authority, and the lack of authority can be pleaded, except when conditions exist which estop the principal from setting up that defense. But to make such estoppel, available it must be pleaded. Rail v. Bank, 3 Tex. Civ. App. 557, 22 S. W. 865; Street v. Robertson, 28 Tex. Civ. App. 222, 66 S. W. 1120. See, also, Franklin Fire Ins. Co. v. Bradford, 88 Am. St. Rep. 786, notes. While in this case the appellee testified that he knew of no such limitation on the powers of the board of directors, he failed to plead the facts necessary to constitute an estoppel. Hence we must assume that he relied upon a contract made by the proper authority.

The remaining assignments are overruled. But the judgment will be reversed, and the cause remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes