## H. O. WOOTEN GROCER CO. v. A. I. ROOT CO. OF TEXAS.　(No. 1302.)

(Court of Civil Appeals of Texas. El Paso. March 16, 1922. Rehearing Denied April 6, 1922.)

1. Brokers ⬅⟶106—Letters held admissible to show extent of authority to sell in action against principal for breach of contract.

In an action for breach of a contract of sale, defendant's letters to its broker cautioning the latter not to take more orders than defendant was able to fill were admissible to show the extent of the broker's authority; it being plaintiff's duty to ascertain the extent of that authority.

2. Trial ⬅⟶255(4)—Evidence of agent's authority to sell admissible as to all orders taken where no request to limit to orders not claimed ratified.

In an action for breach of contract of sale, evidence showing the extent of an agent's authority in taking orders, some of which were claimed to have been ratified, was admissible as to all; there being no request to limit the evidence to orders not claimed ratified.

3. Brokers ⬅⟶94—Confirmation of sales by agent held subject to previous limitation of authority.

Where the authority of a broker to sell honey was limited to the principal's ability to obtain it, and orders taken without any unconditional promise of delivery were confirmed by the principal's letters to the agent, the confirmation must be regarded as subject to the previous limitation of the agent's authority.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the H. O. Wooten Grocer Company against the A. I. Root Company of Texas and another. From a judgment for defendant named, plaintiff appeals. Affirmed.

Davidson & Hickman, of Abilene, for appellant.
M. E. Buckley, of San Antonio, and Cunningham & Oliver, of Abilene, for appellee.

HARPER, C. J. This suit was brought by Wooten Grocer Company against the A. I. Root Company and the Kennedy Brokerage

Company for damages in the sum of $1,-860.30 for breach of contract of purchase and sale of honey.

It is alleged that the Kennedy Brokerage Company, as agents of Root Company, offered the honey for sale to plaintiff; that it accepted the same and ordered 316 cases of comb honey, 120 cases of honey extract, 257 and 180 cases drop shipment, and that the orders were confirmed for the latter 257 cases and 180 cases by the defendant, Root & Co.

Defendant, A. I. Root & Co. answered by general demurrer, general denial, and specially: First, the Kennedy Brokerage Company was an independent merchant broker soliciting orders from merchants and jobbers throughout the country, and getting those orders filled without the goods passing through their hands; second, that it was not the agent of appellee; third, that it was limited in its authority as to matters involved in this suit by specific instructions not to take orders except subject to stocks of honey on hand, and that it was never authorized to bind appellee to deliver any quantity of honey at any specified time; that if any sale was made it was upon condition that appellee should be able to procure it in its trade territory.

Both parties dismissed as to the Kennedy Brokerage Company. The case was submitted to a jury by general charge, and resulted in verdict and judgment for defendant, from which it is here upon appeal.

The first assignment of error is:

The court erred in refusing the following special charge:

"In this case the evidence shows that the contract of sale of the honey described in plaintiff's petition was confirmed by the defendant, the A. I. Root Company. Therefore you will not consider any evidence regarding any instructions to the Kennedy Brokerage Company or any evidence tending to show a limitation of their authority to make agreements of delivery as affecting the plaintiff's rights to recover herein."

The proposition is:

"The evidence having shown that the defendants * * * confirmed the sale of the honey to the plaintiff, and the court having permitted various letters to be introduced in evidence which purported to show a limitation of the authority of the agent of said company to make the sale, then the court should have instructed the jury not to consider evidence of limitation of the agent's authority to make agreements of delivery."

This assignment being predicated upon the admission of a number of letters admitted in evidence over the objection of the plaintiff, assigned as error in the second and third assignments, we must first determine whether these letters were improperly admitted before we can say whether it was error to refuse the charge.

The second assignment complains of the admission of a letter from defendant to Kennedy Brokerage Company dated November 20, 1919, and contains the following:

"All orders should be taken within our ability to purchase stocks. Of course we would not care to have you sending in a lot of orders that we were unable to fill. With this in mind, we will advise you from day to day just what we have."

The reasons assigned are: (a) It was irrelevant and immaterial; (b) that it related to matters long prior to the contract sued on, and that it was hearsay as to plaintiff. The third assignment complains of the admission of a number of letters containing similar admonitions not to sell in excess of defendant's ability to fill orders, and not to promise any definite date for delivery, etc., "upon the grounds (a) self-serving; (b) highly prejudicial; (c) hearsay as to plaintiff; (d) that the orders involved in this suit having been confirmed by the defendant they were inadmissible to vary or limit such confirmation."

The first letter was the initial authority of the brokers to represent the defendant in making sales. The others are dated ranging December 19, 1919, March 25, 1920, April 1, 1920, April 14, 1920, etc., covering the dates fixed at which the orders sued on were taken by the brokers, and contain approximately the same limitations as to amounts to be sold; that is, limited to the amounts defendants could secure in the market, and time of delivery, etc.

[1] These letters were admissible to show the extent of the authority conferred upon the brokers. The general rule is that it is the duty of one who deals with an agent to ascertain the extent of the agent's authority, and there is no pleading to take this case out of this rule. Farmers' Union Co-op. Clearance House of Rusk v. Quinn (Tex. Civ. App.) 208 S. W. 362; Nunn v. Latham (Tex. Civ. App.) 200 S. W. 603.

[2] Especially is this true as to the items of 316 and 120 cases, for it is not contended that these orders were ratified, and there is no request for a limitation of the effect of these letters to the orders claimed to have been ratified; therefore it was not error to admit the letters, and not error to refuse the charge.

[3] It is next urged that the verdict must be set aside because the undisputed evidence shows that the sale of 180 cases of honey involved in this suit was unconditionally confirmed by the defendants, and that same was never delivered.

The authority of Kennedy Brokerage Company to sell was limited or qualified by the ability of defendants to secure the honey upon the market. These letters confirming the sale to the plaintiff were written to the brokers, and read:

"We confirm your night letter, 'Book 180 cases Honey 19¢ basis.' "

In the absence of evidence to the contrary this confirmation or ratification must be construed to mean that it was limited by the authority theretofore given the brokers, and subject to their ability to obtain the honey. There is no contention here that the brokers made an unconditional promise to deliver the amount ordered. So all that was promised to Wooten Grocer Company was what was contained in the letters authorizing the defendant's agents to make sales.

Besides the record does not show that such orders ever reached the defendant as could be filled in accordance with the understanding between the defendant and its brokers.

These matters were properly submitted to a jury; no objections were taken to the charge, and a verdict has been rendered for the defendant. And we find no valid reason among the assignments and propositions why appellant should be granted a new trial. The cause is therefore affirmed.

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes