### MUTUAL BENEFIT LIFE INSURANCE COMPANY V. COLLIN COUNTY NATIONAL BANK ET AL.

Delivered December 18, 1897.

**Principal and Agent—Ratification—Pleading—Proof.**

Ratification of the acts of an alleged agent may be proved under an averment of agency, but an estoppel to deny an agency must be specially pleaded.

APPEAL from the County Court of Collin. Tried below before J. M. PEARSON, Esq., Special Judge.

*G. R. Smith* and *J. A. Evans,* for appellant.—An estoppel must be pleaded, and the particular act, representations, or conduct that have been relied and acted on should be stated with reasonable certainty. Ins. Co. v. Lacroix, 45 Texas, 158; Banking Co. v. Stone, 49 Texas, 15; Banking Co. v. Hutchins, 53 Texas, 68.

*G. E. Carpenter* and *Garnett, Jones & Merritt,* for appellees.—The answer of the defendant Woodall, setting up the facts attending the transaction, and charging the defendant company with notice, was sufficient to entitle him to adduce evidence that the defendant company held him out as its agent.

TARLTON, CHIEF JUSTICE.—On December 1, 1893, Jonathan Woodall executed a promissory note payable to the order of C. C. Foote, in the principal sum of $267.82, due September 1, 1894. Before maturity Foote indorsed this note to the Collin County National Bank, which on December 15, 1894, brought this suit against the maker and indorser to recover the amount of the note.

Woodall pleaded a failure of consideration, in this, that the note was executed to C. C. Foote as agent of the Mutual Benefit Life Insurance Company, for the first premium of a policy in that company for $5000, alleging that the policy was never delivered. He alleged that Foote was at the date of the execution of the note the agent of the insurance company, with full authority to bind it; that as such agent Foote solicited the defendant to take out a policy in the sum of $5000; that to this end an application was at the time written out; that Foote, as the agent of the company, executed to the defendant a receipt for the note, showing it to be in consideration of the insurance policy referred to; that when the transaction occurred the parties were in the country about twelve miles

from McKinney; that it was agreed between them that Woodall was to execute and deliver to Foote, as such agent, the note in question; that Foote would execute the receipt above mentioned; that thereafter Woodall would go to McKinney and be examined by the company's physician at McKinney, and if such examination was satisfactory, that the insurance company was to execute and deliver to the defendant the policy for $5000, when the note would become a binding obligation; that if the examination was not satisfactory, the note should be canceled; that within the time agreed upon the defendant made several trips from his home to McKinney for examination by the physician; that he was unable to find Foote; that he thereafter wrote a letter to the insurance company, proposing to stand such examination, and to carry out his part of the contract; that the company in reply notified defendant that it would send its State agent, H. A. Craycroft, to attend to the matter; that Craycroft subsequently caused another agent to go to the home of the defendant, and that this agent, whose name is unknown, directed the defendant to go for examination to Dr. W. T. Wiley, a physician at McKinney, and that upon satisfactory report the policy for $5000 should be at once issued to defendant; that in accordance with this direction, the defendant secured an examination, which was forwarded to the company, which proceeded to repudiate its contract; that Foote and the company, with intent to swindle the defendant, fraudulently represented to him that the company would issue the insurance policy, in consideration of the note in question; and that, if the plaintiff ever paid any valuable consideration for the note, it was obtained from him by fraud.

The insurance company was made a defendant on the prayer of Woodall, who sought recovery against it, should he be required to pay the note. It denied the allegations of this answer, alleging that at the time of the execution of the note Foote was not its agent; that he was without authority to represent it in any way; and that no agent of the company had authority to accept notes in settlement of its premiums, and that Foote had none.

The suit having been dismissed as to Foote, the trial resulted in a verdict and judgment for the bank against Woodall, and for the latter against the insurance company, which appeals.

We fail to find error upon the issue between the bank and Woodall.

Upon the issue between Woodall and the insurance company, the court instructed the jury that, if they should believe from the evidence that Foote was not the agent of the insurance company at the time of the execution of the note, and that if Woodall at that time believed that Foote was such agent, and that said belief was founded upon any acts done by the insurance company reasonably calculated, under all the facts and circumstances, to produce the belief upon the part of Woodall that Foote was the agent of the company, then under such circumstances the insurance company would be estopped from denying that Foote was its agent.

Upon this instruction an assignment of error is predicated, on the ground that estoppel was not pleaded by Woodall.

The answer, as we read it, contains no allegation of such acts on the part of the company as are referred to in this charge. No act of the company is alleged inducing the belief referred to, and contemporaneous with or prior to the execution of the note. The course of conduct by the company with reference to this transaction is alleged to have begun with the sending by the company of an agent in response to a letter written by Woodall after the transaction with Foote. This conduct, and the acts therein involved, might constitute ratification, but would not, for manifest reasons, constitute acts prior to or contemporaneous with the transaction with Foote, and could not constitute the estoppel referred to in the charge.

It is not necessary to plead acts of ratification, which are equivalent to antecedent authority. Railway v. Chandler, 51 Texas, 420; Ins. Co. v. Shrader, 11 Texas Civ. App., 261; Rail v. Bank, 3 Texas Civ. App., 558.

But a different rule prevails with reference to estoppel. The facts constituting such estoppel must be pleaded. Banking Co. v. Stone, 49 Texas, 15; Banking Co. v. Hutchins, 53 Texas, 68; Rail v. Bank, 3 Texas Civ. App., 559.

If at the time that Foote took this note from Woodall the company had placed itself in an attitude such as to justify an inference that, while no real relation of agency existed between it and Foote, yet as to third persons this agency should be implied, on account of its holding out to persons dealing with Foote that the latter was its agent, the acts and conduct which constituted such holding out should be alleged with reasonable certainty. These acts and this conduct are not averred by Woodall, and hence there was error in the charge complained of.

After careful examination of the testimony, we are unable to say that a verdict against the company would necessarily have ensued had not this erroneous charge been given.

Hence the judgment is affirmed as to the appellee bank, but it is reversed and the cause remanded as to the appellee Woodall, who is adjudged to pay the costs of this appeal. It is so ordered.

*Affirmed in part.*
*Reversed and remanded in part.*