W. D. CLEVELAND & SONS v. HOUSTON SPORTING GOODS STORE.

(No. 5266.)

(Court of Civil Appeals of Texas. San Antonio. April 22, 1914. Rehearing Denied May 20, 1914.)

PRINCIPAL AND AGENT (§ 137*)—POWERS OF AGENT—ESTOPPEL TO DENY AUTHORITY.

Plaintiff was not estopped to deny that its agent, a traveling salesman, had authority to allow defendants a discount on goods sold to them when defendant knew nothing of the agent's authority and did not attempt to ascertain anything about it and was in no way misled by any act of plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 492–494; Dec. Dig. § 137.*]

Appeal from Washington County Court; W. R. Ewing, Judge.

Action by W. D. Cleveland & Sons against the Houston Sporting Goods Store. From a judgment for plaintiff less an amount of $178.66 claimed by defendant, plaintiff appeals. Reversed and rendered.

Mathis, Teague & Embrey, of Brenham, and Hunt, Myer & Teagle, of Houston, for appellant. L. M. Williamson, of Houston, for appellee.

FLY, C. J. Appellant sued F. W. Martin, doing business as the Houston Sporting Goods Store, to recover the sum of $411.61, alleged to be due on an account for certain ammunition sold to appellee by appellants. Appellee sought to avoid payment of a portion of the account by a plea that the agent who sold the goods to appellee agreed to allow a discount of 2½ per cent. on all purchases made of appellants, that he had bought $7,146.45 worth of goods, and that on that sum appellee was entitled to a discount

of $178.66. The cause was tried by the court, and judgment was rendered in favor of appellants for the amount sued for, less the sum of $178.66 claimed by appellee.

The evidence showed that appellee bought the goods from appellants, and that the sales were made through Ed Moch, an agent of appellants. Gardiner, his wife, and another witness swore that Moch agreed to allow appellee a discount on all ammunition sold by appellants to appellee. Moch denied that he did so and testified that he had no authority to allow such a discount on ammunition. That he had no such authority was testified to also by A. S. Cleveland, who stated that Moch had authority to arrange for discounts on all goods except ammunition and a few other articles, the price for those being fixed by the manufacturers and could not be sold at a discount by appellants. Appellee, nor Gardiner, had no knowledge of any authority being given Moch to grant discounts on any goods.

The uncontroverted evidence showed that Moch had no authority to promise a discount on the amount for which the ammunition was sold, and appellee had no knowledge of facts connected with the authority of Moch that would lead him to believe that Moch had such authority. The act being unauthorized, appellants would not be bound by his promise, because there was no act of appellants proved that induced appellee to believe that Moch had any such authority, and it is not pretended that appellants ratified the contract made by Moch. Appellee never at any time claimed the discount, although he made numerous payments on ammunition bought at different times during a year's time, until payment of the balance was sought to be enforced. The doctrine of apparent authority to act as an agent is founded on the law of estoppel, but in every case in order to create estoppel the authority to act must be based upon facts. No man can profit by estoppel unless he has been led to act by reason of the conduct or words of another. The circumstances, known to the third person, must be such as to clothe the agent with apparent authority. The doctrine in relation to agency by estoppel does not apply unless the person dealing with the pretended agent and invoking the doctrine relied upon and was misled by his apparent authority, or, in other words, unless he was misled by the representation or conduct of the alleged principal. He must have been actually misled and induced to act to his prejudice by reason of the principal's conduct; he having on his part exercised due diligence to ascertain the truth. Clark & Skyles, Agency, p. 149.

The evidence fails to show that appellee or his agents knew of the course of conduct of appellants towards their agent, or that any inquiry whatever was made as to the agent's authority. Appellee could not have been misled as to the authority of the agent

because he knew nothing about it, and did not attempt to ascertain anything about his authority. If Moch had authority to allow discounts on goods sold by him for his principals, appellee did not know it. Appellants had never acted in any manner so as to lead appellee to believe that Moch was authorized to contract for discounts on ammunition. He had never had any dealings before with appellants or their agent and had no reason to infer that the agent had the authority claimed by him. Appellee relied altogether upon the representations of Moch, and he made no effort to ascertain the scope of his authority. Appellants were not estopped to deny the authority of Moch. McGoldrick v. Willits, 52 N. Y. 612. Appellee neither pleaded nor proved facts raising an estoppel.

The judgment is reversed, and judgment here rendered that appellants recover of appellee the sum of $411.61 with 6 per cent. interest thereon from January 1, 1913, and all costs in this behalf expended.