OVERTON v. FIRST TEXAS STATE INS. CO. (No. 7236.)*

(Court of Civil Appeals of Texas. Galveston. Oct. 31, 1916. Rehearing Denied Nov. 23, 1916.)

1. PRINCIPAL AND AGENT �köö124(3)—LIABILITIES TO THIRD PERSONS—ACTION—DIRECTION OF VERDICT.

In an action by a subscriber for stock of an insurance company to recover the amount paid for the stock with interest, pursuant to a contract alleged by the plaintiff to have been made by the stockbroker who sold the stock, where there was no proof of the broker's authority to make a contract for the return of the price, except the introduction in evidence of the answer, alleging that the agent was not the agent of defendant authorized to make an agreement, and that the agent sold the stock in question to plaintiff, and plaintiff signed the written agreement of purchase, and this contract was submitted to defendant and accepted by it, and filed by it, a verdict was properly directed for defendant.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. ⊕ööö124(3).]

2. PRINCIPAL AND AGENT ⊕ööö119(1), 148(1)—LIABILITIES TO THIRD PERSONS—AUTHORITY OF AGENT—BURDEN OF PROOF.

A party, dealing with an agent, is bound at his peril to ascertain, not only the fact of the agency, but the extent of the agent's powers, and in case either is controverted, the burden is upon him to establish it.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 391, 393, 398, 399, 401, 534, 552; Dec. Dig. ⊕ööö119(1), 148(1).]

3. PRINCIPAL AND AGENT ⊕ööö101(1) — LIABILITY OF THIRD PERSONS — AUTHORITY OF AGENT—APPARENT AUTHORITY.

In the absence of facts or circumstances known to a party dealing with an agent on

which he relied and which tended to show that the agent was clothed with the apparent authority to make the contract in question, the doctrine of apparent authority to make the contract does not apply.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 255, 330, 346; Dec. Dig. ☞101(1).]

Appeal from District Court, Harris County; J. W. Woods, Special Judge.

Action by T. V. Overton against the First Texas State Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Atkinson, Graham & Atkinson, of Houston, for appellant. Baker, Botts, Parker & Garwood and J. C. Townes, Jr., all of Houston, for appellee.

McMEANS, J. On June 21, 1911, appellant, Overton, subscribed for five shares of the capital stock of the appellee First Texas State Insurance Company, and paid $250 in cash, and agreed to make five additional payments of $150 each, making a total of $1,000. The subscription contract was in writing, and was obtained by a stockbroker named Christian, who was authorized by appellee to sell its stock. The subscription contract was forwarded to the appellee and accepted by it on June 30, 1911. Thereafter appellant made the additional payments as agreed, and became the owner of the stock. Thereafter appellant filed this suit against the Insurance company, alleging in effect that Christian, who sold him the stock, agreed that if he, the appellant, became dissatisfied with his purchase, the company would repay to him the amount he had paid therefor at any time after one year from the date of the contract, with interest thereon at the rate of 10 per cent. per annum. He further alleged that after one year from the date of the contract he had become dissatisfied with his purchase, and had tendered the stock to the company, and demanded of it the sum he had paid therefor, and interest, and that this demand had been refused. He further alleged, in substance, that he relied on the statements made by Christian, and believed them to be true, and believed that the insurance company would repurchase the stock in the contingency mentioned, and that had he not so believed, he would not have purchased the stock, and would not have paid therefor. He further alleged that when the insurance company, through Christian, made such representations to him, it had no intention of carrying them out, but made the representations with the fraudulent purpose of obtaining the appellant's money. He tendered the stock to appellee, and prayed for a recovery against appellee for $1,000 and 10 per cent. per annum interest thereon. Appellee answered, denying that it or any person authorized to act for it had made any contract with the appellant to repurchase the stock in question as alleged by appellant, and denying that the contract sued on was made by it or its duly authorized agent. It further denied that it, or any agent authorized to represent it, was guilty of any fraud or improper conduct in dealing with the appellant. Pleading its defense affirmatively appellee alleged:

"In 1911 a majority of the stockholders of this insurance company authorized an increase of the capital stock of the company. That the plaintiff, T. V. Overton, subscribed for five shares of the new or increased capital stock of the company at the rate of $200 per share, or a total of $1,000. Said subscription and agreement to purchase said five shares of stock were embraced in a written contract dated June 21, 1911, the original of which contract will be introduced upon a trial of this case. That the entire agreements between the parties to this suit were embraced in said written contract. Mr. Christian (whom the plaintiff claims was an agent of the defendant company) was not the agent of the defendant, duly authorized to make any promise or statement such as the plaintiff contends for and had no authority whatever from the defendant to make any agreement with the plaintiff, by the terms of which the defendant should repurchase the stock with interest. That said Christian was a stockbroker, and was not authorized by the defendant to sell this or any stock upon the terms and conditions that the plaintiff has alleged. That said Christian sold the stock in question to the plaintiff, and the plaintiff signed the written agreement or contract with reference to the stock hereinabove mentioned, and this contract was submitted to the defendant and accepted by it and signed by it. Said written contract contains none of the agreements and stipulations now contended for by plaintiff, and this defendant had no knowledge and no notice of any such promises or agreements, if they were made (which is not admitted, but denied), and this defendant issued the stock to the plaintiff, relying upon said written contract."

After appellant had introduced all his evidence and rested his case, the appellee moved the court to strike out and exclude all the testimony offered by him, which was granted, whereupon the court peremptorily instructed the jury, selected to try the case, to return a verdict for the appellee, which was done, and thereupon a judgment was accordingly entered for appellee, from which the appellant, Overton, has appealed.

All of appellant's assignments of error complain of the action of the court in excluding the evidence offered by him and in instructing a verdict for the appellee. The evidence excluded was the testimony of appellant and that of his witness, Ned Jameson. Appellant testified:

"When Christian offered the stock to me, I told him I knew nothing about such stuff as that, such as investing in insurance companies, and he said that stock, it was not going to be reissued, would not be reissued, and that if I was dissatisfied with the stock after I had paid for it, then one year afterwards that he would—that the company would—return the money paid in and take up the stock, with 10 per cent. interest."

He further testified:

"When Christian made the promise to me that I have detailed about getting my money back, I believed it. I would not have taken that stock and paid that money."

The witness Ned Jameson testified that he was present and heard the conversation between Overton and Christian, and heard

Christian tell Overton that if he was not satisfied with the company in 12 months, he could draw his money out and get 8 per cent. interest thereon, and, further, that Christian made the same proposition to witness on the same day he made it to Overton.

As showing the authority of Christian to make the contract sued on, the appellant introduced in evidence a part of the answer of appellee. The portion of the answer relating to the authority of Christian is as follows:

"Mr. Christian (whom the plaintiff claims was an agent of the defendant company) was not the agent of the defendant, duly authorized to make any promise or statement such as the plaintiff contends for, and had no authority whatever from the defendant to make any agreement with the plaintiff, by the terms of which the defendant should repurchase the stock with interest; that said Christian was a stockbroker, and was not authorized by the defendant to sell this or any stock upon the terms and conditions that the plaintiff has alleged; that said Christian sold the stock in question to the plaintiff, and the plaintiff signed the written agreement or contract with reference to the stock hereinabove mentioned, and this contract was submitted to the defendant and accepted by it and signed by it."

[1] No effort was made by appellant to prove that Christian had authority from the appellee to make a contract binding it to repay to the appellant the amount he had paid for the stock, and interest, other than by the recitals in the answer above copied, and no proof was adduced to show that the appellee at the time it received the payments for, and issued, the stock, had any notice or knowledge that Christian had made representations in the regard alleged by appellant.

In view of the state of the proof we think the court properly instructed a verdict in favor of the appellee, and if an error was otherwise committed in excluding the testimony referred to, it was, we think, wholly immaterial.

[2, 3] A party dealing with an agent is bound, at his peril, to ascertain, not only the fact of the agency, but the extent of the agent's powers, and in case either is controverted, the burden of proof is upon him to establish it. Baker v. Machinery Co., 84 S. W. 661; Morton v. Morris, 27 Tex. Civ. App. 262, 66 S. W. 97; Story, Ag. 210, 211; Connor v. Bank, 156 S. W. 1092. The authority of the agent, Christian, to make a contract with Overton, binding the company to repurchase the stock was denied by the appellee, and the only proof of such agency offered by appellant was that part of the appellee's answer which showed that Christian had no such authority. Again, there was no proof to authorize the application of the doctrine of apparent authority of Christian to make the contract, which doctrine is founded on the law of estoppel, because there was no proof of facts or circumstances known by Overton, and upon which he relied, that tended to show that Christian was clothed with the apparent authority to make the contract in question. As said in Cleveland v. Houston Sporting Goods Store, 166 S. W. 912:

"The doctrine in relation to agency by estoppel does not apply unless the person dealing with the pretended agent and invoking the doctrine relied upon was misled by his apparent authority, or, in other words, unless he ·was misled by the representation or conduct of the alleged principal. He must have been actually misled and induced to act to his prejudice by reason of the principal's conduct; he having on his part exercised due diligence to ascertain the truth. Clark & Skyles, Agency, p. 149."

In consideration of the foregoing we have concluded that the court did not err in giving the peremptory instruction complained of, and the judgment of the court below is therefore affirmed.

Affirmed.