ALLEN v. OREAR et al.   (No. 713.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1917.)

PRINCIPAL AND AGENT ⬤⟿194(1)—UNDISCLOSED PRINCIPAL.

Where plaintiff sued, claiming contract with agent, who failed to disclose his principal, under which he performed certain work and labor, and sought recovery either of the contract price or on quantum meruit, and there was no evidence that the undisclosed principal knew anything of the work, or that the agent was his authorized agent, or that plaintiff was misled to believe in the agency, it was not error to refuse to charge on the issue of quantum meruit.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 727.]

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by Ollie Allen against E. D. Orear and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Smith & Palmer, of Comanche, for appellant. H. N. Goodson, of Comanche, for appellees.

HARPER, C. J. Ollie Allen brought this suit against E. D. Orear and J. D. Bonner, alleging that at the request of Bonner, as the agent of Orear, plaintiff cut and baled and otherwise put in condition for market a crop of hay; that Bonner did not disclose his agency for Orear; that the contract price was $430.41. Second count upon quantum meruit. Defendants answered by general denial. Special denial of agency of Bonner,

and that the work was done under contract with one Phifer, who was the lessee or renter of defendant Orear, etc. Tried with jury, and verdict and judgment for defendants, from which it is here for review.

Appellant presents two assignments of error, raising same issue, to the effect that the court erred in refusing to submit in its charge the issue of quantum meruit pleaded. The second charges that the court erred in refusing to submit a special charge requested to same effect.

The evidence discloses that Orear owned the land from which the hay was cut; that it was rented that year to Phifer, by written contract, which provided that "the said Phifer agrees to cultivate the same in good and farmerlike manner, to harvest the crops of every kind raised on said place in proper time, to cut and bale all hay grown thereon, and to deliver to the said Orear at the city of Comanche," etc.; that the cutting and baling done by plaintiff was at the instance and request of Phifer. There is some evidence that Bonner, as agent of Orear, authorized it; but the jury have found that no contract was made with Bonner. There is no evidence that Orear knew anything about the work being done by plaintiff. There is no evidence that Bonner was the authorized agent of Orear. On the other hand, Orear and Bonner testify that he had no authority as agent to make such a contract with plaintiff. There is nothing in the record to show that plaintiff was misled to believe that Bonner had such authority as the agent of Orear. Cleveland & Son v. Houston Sporting Goods Co., 166 S. W. 912. The facts further clearly show that the work was done for Phifer, and there is no evidence to indicate that plaintiff was entitled to recover upon quantum meruit. Therefore the court did not err in refusing to give the charge.

Affirmed.