## MIDSIG CORPORATION v. DICKSON.
### (No. 1734.)

(Court of Civil Appeals of Texas. El Paso. April 9, 1925.)

1. **Principal and agent ⟲═⟳147(2)—Party dealing with agent must ascertain fact of agency and extent of agent's powers.**

A party dealing with an agent is bound, at his peril, to ascertain, not only the fact of the agency, but the extent of the agent's powers.

2. **Principal and agent ⟲═⟳19, 119(1)—Burden is on person dealing with agent to show agency and extent of authority.**

The burden of proof of agency, and the extent of the agent's authority, is on person dealing with agent.

3. **Corporations ⟲═⟳518(1)—Agent's authority to make employment contract must be pleaded and proved.**

Person, who was employed by oil company's field boss by written contract to remove lugs from well, must allege and prove field boss' authority to make such contract in an action against the principal, in view of verified plea denying authority, nor can recovery be had on theory of apparent authority or ratification, where these facts were neither pleaded nor proved.

4. **Principal and agent ⟲═⟳119(4)—Special plea under oath denying agent's authority places burden of proof of authority on plaintiff.**

A special plea under oath, denying the authority of a field boss to make written contract sued on, puts the burden of proving field boss' authority on plaintiff.

Appeal from Stephens County Court; E. F. Ritchey, Judge.

Action by L. E. Dickson against the Midsig Corporation. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellant.

Benson & Dean, of Breckenridge, for appellee.

WALTHALL, J. Appellee, Dickson, brought this suit against appellant, Midsig Corporation, to recover on a written contract for

the value of the rent for one day, as a fishing tool instrument called the "Dickson Grabs," used in fishing lugs off underreamers and other hard substances out of oil wells, and for three days time in going to and returning from the place where the use of his instrument and service were engaged.

Dickson alleged that he owned the said instrument, and that he was employed by the appellant to go from Breckenridge, Tex., to Garvin county, Okl., to do a fishing job with said instrument, for it; that, in accordance with his contract of employment, he went from Breckenridge with his fishing tools to Garvin county, for the agreed consideration of $100 minimum charge, plus $40 per day road time, whether he worked or not, and extra under the circumstances stated; that appellant well knew his charges, and, having made the trip, though he did no work after reaching the place of the intended use of said instrument, he sues for the $100 rent for one day of the instrument, his minimum fee, and 3 days' road time at $40 per day, interest, and attorney fee. Dickson further alleged a written contract signed by R. L. Bothwell as appellant's agent. The contract is in form an account of appellant with Dickson, stating date, for rent of the instrument $100, road time $120, and concluding:

"All bills due and payable the first of the month following this date. If this account is taken to court for collection I agree to pay 10 per cent. attorney's fee. All bills payable at Breckenridge, Texas. Signed by Contractor or Supt., Midsig by R. L. Bothwell, Agt."

Appellant answered by general and special exceptions, general denial, and by special answer denied under oath the authority of Bothwell to make the purported contract sued upon, or any other contract in its behalf. Appellant further answered, stating the capacity of Bothwell to be that of field boss in the oil field of appellant, but had no authority to contract for appellant, and states that the only contract it ever made with Dickson was over long distance telephone in which appellant and appellee "entered into a contract wherein plaintiff agreed to go to the well referred to in plaintiff's petition and there undertake to remove from well certain lugs, and for his services in so doing that he was to receive $50 per day when actually working on said well," and that he was to receive no compensation for time not actually put in by him in working upon said well. The answer further states other matters not necessary to set out, having reference to appellee's delay in reaching the well, and that by his delay he breached his contract; that appellant had employed others to do the work, etc.

Appellee, by supplemental petition, answered by general demurrer and general denial.

The case was tried with a jury and submitted upon one issue only, viz.: "Did R. L. Bothwell have authority to make the written contract sued upon for the Midsig Corporation with the plaintiff, L. E. Dickson? Answer, 'Yes' or 'No.'" To which the jury answered, "Yes."

Appellant duly objected and excepted to the submission of the issue, on the ground that the undisputed evidence shows that Bothwell had no authority and assumed no authority to act for appellant in signing the contract sued upon. The court overruled the objection and entered judgment in favor of appellee. Appellant moved for a new trial, and, same being overruled, appellant excepted and gave notice of appeal.

## Opinion.

All of appellant's propositions are based upon the one contention that there is an utter lack of evidence in the record to support the jury's finding that Bothwell was such an agent, or had the authority as such agent, to make the written contract sued upon.

[1, 2] The proposition of law invoked by appellant is well established that a party dealing with an agent is bound, at his peril, to ascertain, not only the fact of the agency, but the extent of the agent's powers, and, in case either is controverted, as here, the burden of proof is upon him to establish it. Overton v. First State Ins. Co. (Tex. Civ. App.) 189 S. W. 514, and the cases there cited; Cleburne Street Ry. Co. v. Barber (Tex. Civ. App.) 180 S. W. 1176.

[3, 4] Appellee in his pleading, and the trial court in submitting the case to the jury, made appellee's right to recover depend entirely upon the pleaded written contract signed by appellant, by Bothwell as agent. As suggested by appellant, there is no pleading or evidence to support the holding of appellant upon either the theory of acknowledgment on the part of appellant of Bothwell's right or authority to make the note, or ratification of the act of Bothwell in making the note, or that Bothwell was acting within the apparent scope of his authority in making the written contract sued upon. To sustain the verdict and judgment based thereon, in view of the verified plea, it must be made to appear by pleading and proof that Bothwell had authority as the agent of appellant to make the note sued upon. The judgment cannot be sustained upon the theory of the apparent authority of Bothwell, as agent of appellant reasoned from the character of his employment, to make the contract of employment, nor can it be sustained upon the theory of the ratification by appellant of the contract, as appellee did not allege that the making of the contract was within the apparent scope of the authority of Bothwell as agent, nor any act of appellant that would operate as an estoppel in pais. Tres Palacios R. & I. Co. v. Eidman et al., 41 Tex. Civ. App. 542, 93 S. W. 698. Nor did he allege the

ratification by appellant of the act of Bothwell as its agent in making the contract. Appellant by special plea denied under oath that Bothwell was authorized by it to make the note sued upon or any other contract. The effect of the plea was to put upon appellee the burden of the proof of the authority of Bothwell to make the particular note sued on. Kansas City Life Ins. Co. v. Jinkens (Tex. Civ. App.) 202 S. W. 772; M., K. & T. Ry. Co. v. Gober (Tex. Civ. App.) 125 S. W. 383.

But, if it should be held that it was not necessary for appellee to allege that Bothwell was acting within the apparent scope of his authority in making the note, nor was it necessary to allege the facts showing ratification by appellant of the making of the note, in order to admit proof of Bothwell's authority to make the note and appellant's liability on the note, it was necessary to prove that Bothwell was acting within the apparent scope of such authority, or such acknowledgment of, or ratification by appellant of, the authority of Bothwell to execute the note. We think that under the special plea of appellant, the truth of the plea not appearing of record, and where the effect of the plea is to put the burden of the proof upon appellee to prove the authority of Bothwell to make the note, or to estop appellant from a denial of such authority, such additional pleading on the part of appellee, on principle. is required to notify appellant of the issue of fact it is required to meet. The authorities are not altogether clear or harmonious upon the question of additional pleading on the part of appellee when the authority of the agent to make the note is denied under oath. However, that may be, there is no evidence to justify the submission of the issue to the jury, or to support the judgment.

In the case of Tres Palacios R. & I. Co. v. Eidman et al., supra, the suit was brought by the Eidmans to recover damages for breach of contract to furnish water for the irrigation of a rice crop. The company specially denied that one Roach, acting as general manager of the company, and who had assumed to act for the company in making the contract to furnish water for the rice crop, had authority to make the contract for the company. The Eidmans (plaintiffs) made no reply to the plea, and, as here, offered no evidence to show that Roach had actual authority to make the contract, other than he was general manager of the company. The company offered to prove that Roach had no authority to make the contract for the company. The offered evidence was excluded on objection of the plaintiffs, and the company assigned error upon the exclusion of the evidence. The Galveston Court of Civil Appeals sustained the assignment, holding that, in the absence of actual authority of Roach, either express or necessarily included within the general official powers of Roach, the company could be held only by estoppel, and that estoppel must be pleaded. The court, in discussing the motion for rehearing, said:

"One seeking to hold another through the acts of an alleged agent must bind the principal upon one of two theories: (1) By showing actual authority. (2) By showing such facts as estop the alleged principal to deny the existence of actual authority. 1 Ency. of Law, 990–992. Besides these two there is no rule upon which one can be held as a principal."

We have referred to the above case to show the evidence necessary to support the judgment. There is no evidence of actual authority of Bothwell, either express or necessarily implied within the general powers of superintendent of the actual work of drilling wells under the direction of the general manager. See, also, Cleburne St. Ry. Co. v. Barber (Tex. Cix. App.) 180 S. W. 1176.

For the reason that there is no evidence found in the record to show the act to be within the apparent scope of his authority, or some action or acquiescence on the part of appellant authorizing Bothwell to sign the note upon which the verdict and judgment is based, the case is reversed and remanded.