**LANE et al. v. SULLIVAN. (No. 343.)**

(Court of Civil Appeals of Texas. Waco. May 27, 1926. Rehearing Denied July 5, 1926.)

**I. Principal and agent ⊛19, 119(1), 147(2).**

One dealing with agent is bound at his peril to ascertain fact and extent of agency, and if either is controverted he has burden of establishing it.

**2. Principal and agent ⊛99.**

Implied authority of agent, inferred from facts and circumstances in evidence, as well as express authority, is based on authority in fact.

**3. Principal and agent ⊛137(1)—Estoppel to deny authority of agent must be based on representation or conduct of principal, inducing one dealing with supposed agent to act to his prejudice.**

Estoppel to deny agency can only be based on facts, and party dealing with supposed agent

must have been misled and induced to act to his prejudice because of principal's conduct after due diligence had been exercised to ascertain truth.

**4. Trial ⊛350(4)—Instruction submitting issue of apparent authority of agent to lease held error, in absence of evidence that lessee inquired as to authority, or knew and relied on prior acts indicating authority.**

Where lease sought to be enforced was executed and delivered by supposed agent of owner, instruction submitting issue of apparent authority of agent *held* erroneous, in absence of evidence that lessee made any inquiry as to authority of agent, or knew and relied on any prior acts of agent in finding tenants for and leasing property.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by George T. Sullivan against John Lane and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

N. T. Stubbs, of Mexia, for appellants.

Frank C. Bolton, of Mexia, and Williford & Geppert, of Teague, for appellee.

GALLAGHER, C. J. This suit was instituted by Geo. T. Sullivan, appellee herein, against P. S. Park, J. H Park, and G. H. Lane, also known as John or Jack Lane, appellants herein, to recover damages for the breach of a rental or lease contract. The facts will be stated in connection with the issues of law discussed. The case was submitted to a jury on special issues, and upon return of verdict the court entered judgment in favor of appellee against all the appellants, jointly and severally, for the sum of $3,247.50, which judgment is here presented for review.

Appellee's suit was based on a written contract, by the terms of which P. S. Park leased to appellee a certain building in Mexia, Tex., known as the Henson Hotel, together with the furniture, furnishings, and fixtures therein contained, for the period of one year, beginning December 1, 1924. The agreement under which said contract was executed was made between appellee and J. H. Park, purporting to act as agent for P. S. Park, the owner of said building. The grantor in said lease contract was P. S. Park, and it was signed, "P. S. Park, by J. H. Park, agent and Attorney." J. H. Park was a brother of P. S. Park. He resided in Mexia, while P. S. Park resided in Bryan, Tex. Appellee resided at Teague, Tex. He heard that J. H. Park had a hotel to rent. He approached said Park about renting the same. J. H. Park told him that the hotel belonged to his brother, P. S. Park, that the same was for rent, and that he had authority to rent or lease the same and collect rents therefor. The appellant Lane was occupying the hotel at the time under a lease which did not expire until the follow-

ing April. He was in arrears in payment of rent, and there was testimony tending to show that he declared that he did not intend to make any further payments thereon. J. H. Park referred appellee to Lane, and Lane agreed to vacate the building and surrender possession to appellee on or before December 1, 1924. Lane had theretofore assured J. H. Park that he was willing to vacate on that date.

Upon this assurance the lease contract was executed by the parties as before stated, and appellee paid one month's rent, which J. H. Park deposited to the credit of P. S. Park in an account in his name in one of the Mexia banks. Lane subsequently advised J. H. Park that he was going to give appellee possession of the premises on or before December 1st. It does not appear that appellee made any inquiry as to the authority of J. H. Park to act for his brother in executing and delivering said lease, and it is not made to appear that he knew at the time that J. H. Park had theretofore acted for his brother in securing tenants, renting property, and collecting rents in Mexia. Appellee, with the consent and acquiescence of J. H. Park, began at once to make certain repairs on the building. Said repairs consisted of repainting the inside of a large part of the building and in painting on the same a new sign, changing the name of the hotel. About three days before the 1st of December an oil well was brought in at Wortham, a short distance from Mexia. The undisputed evidence shows that this event greatly enhanced the value of hotel leases in Mexia.

Appellee appeared, on or about the 1st of December, with a truckload of furniture and demanded possession of the hotel, which demand was refused, and the door locked to prevent his entering or taking possession. He appealed to J. H. Park for aid in securing possession, and he declined to do anything for him. He then sued out a writ of sequestration, and had said property seized by the sheriff, but Lane replevied the same. J. H. Park and P. S. Park were the sureties on his replevy bond. The sequestration was subsequently quashed. Appellee sued on his lease contract, and alleged in general terms that J. H. Park had authority from P. S. Park to execute the same. P. S. Park answered, denying under oath that said contract was executed by him, or by any person authorized by him to do so, and alleging that the same was executed without his knowledge or consent, and that he had never ratified or confirmed the same, and that said J. H. Park was not his agent, general or special. Appellee did not file any reply to said answer.

We will not attempt to recite the substance of the testimony on the subject of the authority of J. H. Park to make said lease contract, and to execute and deliver the same, in the name and on behalf of his brother. It is sufficient to say that there was evidence tending to show express authority, evidence of circumstances from which actual authority might have been inferred and found as a fact by the jury, and also evidence tending to show that J. H. Park was without actual authority in the premises, but that he had assumed and exercised such authority in the matter of securing tenants for his brother's property, renting the same, and collecting rents thereon, as might have led a person of ordinary prudence, having knowledge of such assumption and exercise of authority, to believe that such action on his part was in fact authorized by his said brother. The only issue on the subject of the authority of J. H. Park to sign his brother's name to said lease submitted by the court, and the answer of the jury thereto, were as follows:

"Did J. H. Park, at the time of the execution of the lease to plaintiff, have the authority to bind his brother, P. S. Park, as his agent in the premises?"
Answer: "Yes."

The court, in connection with the submission of said issue, charged the jury as follows:

"In this connection you are instructed that where a principal, knowing and acquiescing in certain acts on the part of his agent, or the assumption and exercise of certain authority on the part of the agent in respect to any particular transaction, over such a period of time, or to such an extent, as would ordinarily lead the public generally to believe, or an ordinarily prudent person having knowledge thereof to believe, that such acts on the part of the agent were with the consent and acquiescence of the principal, and, so believing, deal with the agent, then in such event the agent will in law be deemed to have authority to bind his principal."

Appellant P. S. Park objected to the giving of said charge, and presents such action of the court as ground for reversal.

[1-3] A party dealing with an agent is bound at his peril to ascertain, not only the fact of the agency, but the extent of the agent's powers, and, in case either is controverted, the burden of proof is upon him to establish it. Overton v. First Texas State Ins. Co. (Tex. Civ. App.) 189 S. W. 514, 516, and authorities there cited. Express authority and implied authority inferred from the facts and circumstances in evidence are both based upon authority in fact. Where, however, the party purporting to act as agent has no authority in fact, and the principal is sought to be held on the ground of apparent authority, the doctrine of estoppel is invoked. The rule in such cases in this state is correctly stated in Cleveland & Sons v. Houston Sporting Goods Store (Tex. Civ. App.) 166 S. W. 912, and quoted with approval in J. I. Case Threshing Mach. Co. v. Morgan (Tex. Civ. App.) 195 S. W. 922, 924, as follows:

"The doctrine of apparent authority to act as an agent is founded upon the law of estoppel,

but in every case, in order to create an estoppel, the authority to act must be based upon facts. * * * The doctrine * * * does not apply unless the person dealing with the * * * agent * * * was misled by * * * the representation or conduct of the * * * principal. He must have been actually misled, and induced to act to his prejudice, by reason of the principal's conduct; he having on his part exercised due diligence to ascertain the truth."

Said rule is stated in 21 R. C. L., p. 866, as follows:

"A party dealing with an agent must prove that the facts giving color to the agency were known to him when he dealt with the agent. If he has no knowledge of such facts, he does not act in reliance upon them, and is in no position to claim anything on account of them."

[4] The issue submitted by the charge complained of was one of apparent authority. There was no evidence that appellee made any inquiry with reference to the authority of J. H. Park to enter into said contract, or to execute and deliver the written lease evidencing the same in behalf of his brother. Neither was there any evidence that appellee knew of any of the prior acts of J. H. Park with reference to finding tenants for his brother's property, renting the same, and collecting rents therefor, nor that he relied thereon in accepting said lease and improving and arranging to occupy said building. In the absence of such evidence, the giving of said charge was reversible error. Collins v. Cooper. 65 Tex. 460, 466; Cleveland & Sons v. Houston Sporting Goods Co., supra; Case Threshing Machine Co. v. Morgan, supra; Tres Palacios Rice & Irr. Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698, 700; Midsig Corporation v. Dickson (Tex. Civ. App.) 271 S. W. 654. 655, 656; Connor v. Uvalde Nat. Bank (Tex. Civ. App.) 156 S. W. 1092, 1093, 1094; Rail v. City Nat. Bank, 3 Tex. Civ. App. 557, 22 S. W. 865; Mutual Ben. Life Ins. Co. v. Collin County Nat. Bank, 17 Tex. Civ. App. 477, 43 S. W. 831: Bourland v. Huffhines (Tex. Civ. App.) 269 S. W. 184, 187, 189 (affirmed [Tex. Com. App.] 280 S. W. 561); 2 C. J. pp. 461–463, §§ 70 and 71; Id. p. 444, § 42; Id. pp. 464–466, §§ 72 and 73.

We are not to be understood to intimate that testimony of prior acts of authority by J. H. Park over the property of his brother, such as shown by the evidence in this case, was not competent evidence to be considered by the jury, in connection with all the other facts and circumstances in evidence, in determining whether J. H. Park was in fact authorized to execute and deliver the lease in question. 2 C. J. p. 441, § 37; Id. pp. 443, 444, §§ 40 and 41. There was, however, in this case testimony tending to show that P. S. Park never intended to confer such authority on J. H. Park, and that he had not in fact

done so. If such was the case, notwithstanding he may have known that J. H. Park was assuming to act as his agent, if he did assume to do so, and was securing tenants for his property, renting or leasing the same to such tenants, and collecting rents thereon, without disclosing that in each such instance he was acting under prior specific instructions with reference to the particular action performed at the time, as contended by P. S. Park, such knowledge and mere acquiescence and failure to openly repudiate such action would not in fact or in law authorize J. H. Park to sign the name of P. S. Park to the lease in question, as the jury were told in effect by the charge complained of.

The judgment of the trial court is reversed, and the cause is remanded.