## CONTINENTAL OIL CO. v. BAXTER.
### No. 1100.

Court of Civil Appeals of Texas. Eastland.
April 14, 1933.

Burney Braly, G. B. Smedley, and G. R. Pate, all of Fort Worth, for appellant.

Ernest Belcher, of Stephenville, for appellee.

FUNDERBURK, Justice.

C. C. Baxter, owner of KFPL Radio Station, Dublin, Tex., sued Continental Oil Company a corporation, in justice court, upon an account amounting to $147.20. Judgment for plaintiff as prayed for. Same judgment in county court upon appeal. An agreed statement of the oral pleadings shows that the cause of action was upon a contract for advertising by electrical transcription from December 25, 1930, to June 1, 1931, consisting of twenty-six programs entitled "Conoco Listeners' Hour." Plaintiff alleged the contract was made with defendant "by and through its duly authorized agent J. F. Powell," and that "said services were actually and beneficially received by said defendant * * * and that they (it) are indebted to this plaintiff in the sum of $147.20 for services rendered as stated, which are reasonable, just, due and unpaid," etc.

The jury to whom the case was submitted on special issues found: (1) That the witness J. F. Powell, at Cisco, Tex., during the month of December, 1930, entered into the contract in question under which the broadcast was performed by plaintiff; (2) that said witness J. F. Powell, in so entering into such contract, purported to act as the agent of the Continental Oil Company; (3) that the agent J. F. Powell was acting within the scope of his apparent authority in entering into the agreement in question; and (4) that the plaintiff, C.

C. Baxter, did not "enter into a written contract with W. A. Crumpton, under the terms of which services sued for herein were performed." The last-named issue was in response to evidence to the effect that the services in question were performed under a written contract between W. A. Crumpton and the plaintiff. From the judgment entered in accordance with said verdict, the defendant Continental Oil Company, has appealed.

The questions presented for determination are so closely interrelated that we deem it advisable first to discuss the principles of law thought to be controlling and then to make the application to the propositions asserted under the different assignments of error.

■■ With reference to the scope of their authority, agents are of two kinds, general and special. "A general agent is defined to be one who is employed to transact generally all the business of the principal in regard to which he is employed, or in other words, to do all acts connected with a particular trade, business or employment, or to transact all the business of his principal of a particular kind, or in a particular place, and hence a general agency exists when there is a delegation of authority to do all acts connected with a particular trade, business or employment, for the fact that the authority of an agent is limited to a particular business does not make it special as it may be as general in regard to that business as though its range was unlimited." 2 C. J. 427, § 15; Great American Casualty Co. v. Eichelberger (Tex. Civ. App.) 37 S.W.(2d) 1050. A "special agent" is "one who is employed to act only in a special or specific transaction, or to do a specific act, or to do one or more specific acts, or for a particular purpose only, or to act within limited and circumscribed powers under restrictions imposed by the principal or implied from the nature of the act to be done, or as one who is not given entire control over the particular business, but only the right to do specific acts." 2 C. J. p. 428, § 16.

A careful study of the subject convinces us that the only practical distinction between a general and special agent is in the different character of proof or evidence necessary to show the scope of the agent's authority. All other rules or principles are alike applicable to each.

■■ "With reference to their authority in fact, agents are said to be either (a) actual, or (b) apparent or ostensible. An actual agent is one who has either expressly or by implication in fact been authorized by the principal to act in his behalf. An apparent or ostensible agent is one whom the principal either intentionally or by want of ordinary care induces third persons to believe to be his agent although he has not either expressly *or by implication* conferred authority

upon him." (Italics ours.) 2 C. J. 427, § 14. It thus appears that actual authority of an agent includes express and implied authority. Lane v. Sullivan (Tex. Civ. App.) 286 S. W. 541; Denison v. Nunn (Tex. Civ. App.) 293 S. W. 838. Just as there is no difference between an express and an implied contract of agency (2 Tex. Jur. 298, § 16) when the inquiry is with reference to the existence or not of an agency, so there is no difference in express authority and implied authority of an agent, in an inquiry as to the actual authority of the agent. In contrast with "actual authority" is "apparent authority" or "ostensible authority."

■ When a liability is enforceable because of the "apparent" or "ostensible" authority of an agent, having no actual authority, it is upon the principle of an estoppel. 2 Tex. Jur. p. 424, § 38; Tres Palacios Rice, etc., Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698; Reo Motor Car Co. v. Barnes (Tex. Civ. App.) 9 S.W.(2d) 374; Lane v. Sullivan (Tex. Civ. App.) 286 S. W. 541; Hobby v. King Trailer Co. (Tex. Civ. App.) 273 S. W. 650; Shippers' Compress Co. v. Northern Assur. Co. (Tex. Civ. App.) 208 S. W. 939; J. I. Case Threshing Mach. Co. v. Morgan (Tex. Civ. App.) 195 S. W. 922; Overton v. First Texas State Ins. Co. (Tex. Civ. App.) 189 S. W. 514; Holmes v. Tyner (Tex. Civ. App.) 179 S. W. 887; W. D. Cleveland & Sons v. Houston Sporting Goods Store (Tex. Civ. App.) 166 S. W. 912; Cannel Coal Co. v. Luna (Tex. Civ. App.) 144 S. W. 721; Great American Casualty Co. v. Eichelberger (Tex. Civ. App.) 37 S.W.(2d) 1050; Tarver, Steele & Co. v. Pendleton Gin Co. (Tex. Civ. App.) 25 S.W.(2d) 156; American Mortgage Corp. v. Spencer (Tex. Civ. App.) 45 S.W.(2d) 301; Kohlberg v. Awbrey & Semple (Tex. Civ. App.) 167 S. W. 828.

■ Where plaintiff seeks to hold defendant to liability for an act or contract of an agent without actual authority, but within the scope of such agent's "apparent" or "ostensible" authority, it is necessary that the issue of such authority be presented by a plea of estoppel. 2 Tex. Jur. p. 637, § 217; Tres Palacios, etc., Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698; Tarver, Steele & Co. v. Pendleton Gin Co. (Tex. Civ. App.) 25 S.W.(2d) 156; Reo Motor Car Co. v. Barnes (Tex. Civ. App.) 9 S.W.(2d) 374; Climber Motor Corp. v. Fore (Tex. Civ. App.) 273 S. W. 284; Farmers' Union Co-op. Clearance House v. Guinn (Tex. Civ. App.) 208 S. W. 362; Bankers' Trust Co. v. Cooper et al. (Tex. Civ. App.) 179 S. W. 541; Swayne v. Union Mutual Life Ins. Co. (Tex. Civ. App.) 49 S. W. 518; Mutual Ben. Life Ins. Co. v. Collin County Nat. Bank, 17 Tex. Civ. App. 477. 43 S. W. 831; Western Industrial Co. v. Chandler (Tex. Civ. App.) 31 S. W. 314; Rail v. City National Bank, 3 Tex. Civ. App. 557,

22 S. W. 865; Garrow et al. v. Texas & N. O. R. Co. (Tex. Civ. App.) 273 S. W. 277; Y. M. C. A. v. Schow Bros. (Tex. Civ. App.) 161 S. W. 931; Wolf Co. v. Galbraith, 39 Tex. Civ. App. 351, 87 S. W. 390. See, also, Johnson v. Dallas Cooperage, etc., Co., 120 Tex. 27, 34 S.W.(2d) 845, an opinion approved by the Supreme Court, wherein the holding on this point by this court in Tarver, Steele & Co. v. Pendleton Gin Co., supra, was apparently approved.

■ Some confusion in the authorities is manifest in the employment of the term "apparent authority." For instance, in the recent case of Cox, Inc., v. Humble Oil & Refining Co. (Tex. Com. App.) 16 S.W.(2d) 285, 286, a judgment of the trial court was approved by the Supreme Court as against a contention that a finding that "said Monroe, at the time he acted for appellant, had 'apparent authority * * * to make such agreement as he made,'" was without support in the pleadings, the only pleading being that the contract in suit was made "through its duly authorized agent Monroe." Obviously if "apparent authority" as thus found by the jury meant the same thing as that term is employed in the foregoing decisions (i. e., as a term contrasted with "actual authority"), then the decision in Cox, Inc., v. Humble Oil & Refining Co., supra, shows a conflict and raises a question of whether the former decisions are to be regarded as overruled. We cannot bring ourselves to believe that the last-named effect was intended. The seeming conflict is attributable, we think, to the use of the term "apparent authority" in different senses. In many cases "apparent authority" seems to be used in the same sense as, or as included within, the meaning of "implied authority." Collins et al. v. Cooper, 65 Tex. 460; Gulf, C. & S. F. Ry. Co. v. Hume, 87 Tex. 211, 27 S. W. 110; Sealy Oil Mill, etc., Co. v. Bishop Mfg. Co. (Tex. Com. App.) 235 S. W. 850; Bergere v. Parker (Tex. Civ. App.) 170 S. W. 808; Sanders v. Elberta Fruit Co. (Tex. Civ. App.) 190 S. W. 817; Glens Falls Ins. Co. v. Bendy (Tex. Civ. App.) 39 S.W.(2d) 628; Merriman v. Fulton et al., 29 Tex. 98; Hull v. East Line, etc., R. Co., 66 Tex. 619, 2 S. W. 831. But in none of the cases we have read, with the exception of Cox, Inc., v. Humble Oil & Refining Co., supra, was any possible distinction between "apparent" and "implied" authority discussed with special reference to a different rule of pleading. Aside from the question of pleading and for most practical purposes, there may be little importance whether a liability is sought to be enforced on the theory of an *implied* authority of an agent or of the *apparent* authority of the agent. There are, however, important distinctions, a failure to note which may be a fruitful source of error. For instance, "implied" authority differs from "apparent" authority in that the former

cannot exist when there is no actual authority, while the latter does exist in the absence of actual authority. The former exists as incidental to express authority, while the latter exists only by operation of an estoppel. City Nat. Bank v. Conley (Tex. Civ. App.) 228 S. W. 972; Lane v. Sullivan (Tex. Civ. App.) 286 S. W. 541; W. D. Cleveland & Sons v. Houston Sporting Goods Store (Tex. Civ. App.) 166 S. W. 912; Denison v. Nunn (Tex. Civ. App.) 293 S. W. 838; Holmes v. Tyner (Tex. Civ. App.) 179 S. W. 887; T. H. Baker & Co. v. Kellett-Chatham Mach. Co. (Tex. Civ. App.) 84 S. W. 661. That "implied authority" is something different from "apparent authority" is convincingly demonstrated by the following propositions: "Where an act for which it is sought to hold the principal was within the authority actually conferred by the principal, whether expressly or *impliedly* (italics ours), it is not necessary for the third person to show that he had knowledge of that fact and acted on the faith of it" (2 C. J. p. 576, § 215); but, where it is sought to hold the principal on the ground of "apparent authority," it is necessary "that the person dealing with the agent was aware of the principal's acts from which the apparent authority is deduced, and that he dealt with the agent in reliance therein in good faith and in the exercise of reasonable prudence." 2 C. J. p. 575, § 215.

■ It is not permissible to take into consideration, as a basis for a conclusion as to the extent of apparent authority, the power that the agent pretends to have or his activities that are unknown to and unratified by the principal. 2 Tex. Jur. 427, § 39; Id., p. 563, § 204; Reo Motor Car Co. v. Barnes (Tex. Civ. App.) 9 S.W.(2d) 374; Thompson v. Keys (Tex. Civ. App.) 162 S. W. 1196; William Cameron & Co. v. Blackwell, 53 Tex. Civ. App. 414, 115 S. W. 856; Tompkins' Machinery & Imp. Co. v. Peter & Sherrill, 84 Tex. 627, 19 S. W. 860; Galveston, H. & S. A. R. Co. v. Allen, 42 Tex. Civ. App. 576, 94 S. W. 417; Morgan v. Harper (Tex. Com. App.) 236 S. W. 71; Ford Motor Co. v. Maddox Motor Co. (Tex. Civ. App.) 3 S.W.(2d) 911; Coleman v. Colgate, 69 Tex. 88, 6 S. W. 553.

■ Another rule of law is that the mere title or name of the position of an agent does not (except in a few cases, as established by judicial decisions) afford sufficient proof of the scope of the agent's authority. 2 Tex. Jur. p. 443, § 50; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S. W. 550; Henderson Mercantile Co. v. First National Bank, 100 Tex. 344, 99 S. W. 850.

■ In the light of these rules and principles of law, it is our conclusion that there was no evidence of either actual or apparent authority of the agent J. F. Powell to bind the appellant by the contract alleged. In

reaching this conclusion, in accordance with one of the rules stated, we exclude from consideration the acts, conduct, and representations of Powell himself; there being no evidence that the appellant had any notice thereof. Aside from that, the evidence shows no more than that Powell was district superintendent of the Abilene district, his jurisdiction extending over ten or twelve filling stations. The evidence introduced by the appellant showed that he had authority to call upon the dealers to explain the company's advertising program, to direct the operators of the local stations, "to a limited extent"; to call upon them in order to get new business and encourage old business. It was shown that one of the talking points to get new business was the programs being broadcast by the Continental Oil Company. This is explained by evidence showing that the company broadcast programs over two stations in Texas and prepared free of charge records for station agents to arrange at their own expense for broadcasting over local stations. This evidence wholly fails to show that Powell was a general agent or had any express authority to make the contract for appellant. It fails to show that as a special agent he had any duties from which could be implied authority to make such contract. The evidence fails to show that he had any duty to deal with others than the station agents and by and through them to promote by advertising the business of his principal.

We are also of opinion that the point is well taken that there was no pleading sufficient to present the issue of apparent authority as contradistinguished from actual authority. Conceding that "apparent authority" may mean or be included in "implied authority," and that when used in such sense, the pleading was sufficient under the holding in Cox, Inc., v. Humble Oil & Refining Co., supra, the term was not so used in this case. The court, in connection with the special issues, defined "apparent authority" as "such authority as a reasonably prudent man, using diligence and discretion, in view of the principal's conduct, would naturally and reasonably suppose the agent to possess." This was clearly no definition of implied authority.

From these conclusions it also follows that the court erred in submitting to the jury, over the timely objection of appellant that there was no pleading to support same, the issue of apparent authority.

We are also of opinion that the right, if any, of the plaintiff, to recover upon the contract alleged, was conclusively disproved by the undisputed evidence showing that the services for which compensation was sought were performed under a written contract, to which, on the face of same, plaintiff and W. A. Crumpton were the contracting parties. It is elementary that the plaintiff must recover, if at all, upon the identical contract alleged. See McAlister v. Bivings (Tex. Civ. App.) 29 S.W.(2d) 853, and authorities there cited.

It is believed that the discussion of other propositions is, by reason of the conclusions above announced, rendered unnecessary.

Our opinion therefore is that the judgment of the court below should be reversed, and judgment here rendered for the defendant that plaintiff take nothing by his suit; and it is accordingly so ordered.