Vickers, Campbell & Evans, of Lubbock, for appellant.

Nelson & Smith, of Tahoka, for appellee.

## FIRST TEXAS JOINT STOCK LAND BANK v. HOLLOWAY.

### No. 4293.

Court of Civil Appeals of Texas. Amarillo.

Nov. 5, 1934.

Rehearing Denied Dec. 10, 1934.

MARTIN, Justice.

Appellee obtained judgment against appellant for $320, allegedly due him for services as a real estate broker in procuring a purchaser ready, able, and willing to buy a half-section of land belonging to appellant, as per terms of a listing contract made between appellee and A. C. Goen as agent for appellant.

This appeal turns on the sole question of Goen's authority, respecting the matter mentioned. Appellee properly alleged such authority. Appellant in part alleged: "For further answer, this defendant specially denied it listed the 320 acres with the said E. W. Holloway for sale, or that it obligated itself to pay him a commission for such sale or finding a purchaser for its lands. The said A. C. Goen (alleged in plaintiff's petition as this defendant's agent) was not its agent to sell or offer its lands for sale through brokers or others selling lands listed with them for sale. Said Goen was its representative to rent its lands and collect rents and generally look after its lands and see that same were farmed in a farmer-like manner, improvements kept in repair, and necessary improvements made, etc. He was paid a salary for such services, but he was not authorized or directed to sell

its lands or list them for sale with others and obligate this defendant to pay brokers a commission."

No correspondence was had between appellant and appellee respecting the subject-matter of the present suit. Appellee had, however, just prior to this, effected a sale of another tract of land belonging to appellant and letters passed between them, among which we quote the following:

"Houston, Tex., Sept. 5, 1933.

"Mr. E. W. Holloway,

"Tahoka, Texas.

"In re: Young Farm No. 670.

"Dear Sir:

"We acknowledge receipt of your letter of the 30th of August and we have requested our field man, Mr. A. C. Goen, to call on you at his earliest opportunity and discuss details of making a sale of the S. E. 1/4 of Section 459 of the E. L. & R. R. Company Survey, Block 1, Lynn County.

"When we have received Mr. Goen's report and recommendation after he visits you, we will write you further.

"Very truly yours,

"[Signed]   Glen A. Egan,

"Vice President.

"GAE:VR

"CC: Mr. A. C. Goen, Floydada, Texas."

This sale pertained to what the parties called the Young tract, while the present suit affects only the Henry Reed farm. At about the time the deal for the Young land was made, there was pending a sale of the Reed land to another purchaser, and appellee testified that he was authorized at that time by Goen to sell the Reed tract if the pending deal fell through. It did, and appellee claims he did thereafter sell same as authorized. The testimony of appellee and Goen is sharply conflicting, but will not be set out or again referred to, in view of the court's finding. The testimony of both the vice president of appellant and that of Goen substantiates the allegations of the answer above set out. It conclusively appears from their evidence, corroborated by other facts of the record and contradicted by none, that Goen was appellant's field man who worked for appellant at intervals on a per diem basis, looking after its properties, renting same, etc., and that he had no authority to employ brokers to sell any of appellant's lands, nor generally to sell them himself. Appellant's vice president, in exclusive charge of its land sales, testified that Goen received and transmitted bids for the purchase of land, and this seems to have been the character of his work and the course of dealing in the land sale closed about the time the negotiations in the present alleged sale started, which fact was known to appellee.

It is contended by appellee that Goen's act in listing the Reed tract for sale with appellee was within the scope of his apparent authority and that the facts justified the implication of agency to perform said act.

It may be well to state here that Goen, when the matter was first called to his attention, immediately notified appellee that the sale alleged to have been made of the Reed land could not be consummated. As already stated, Goen's principal, the appellant, had no correspondence with appellee regarding the sale, and was unaware of the pendency of such until a claim for commission was made.

█ It is clear to us that under well-established legal principles, the evidence fails to show either apparent authority or an implied power in Goen to bind his principal by the contract alleged. We quote:

"'Agency' presupposes a directing principal and a directed agent under delegation of authority to the latter, either by contract, express, or implied, or by operation of law, estoppel or ratification. Colvin v. Blanchard, 101 Tex. 231, 106 S. W. 323; Milwaukee Nat. Bank v. City Bank, 103 U. S. 668, 26 L. Ed. 417; Elliott on Contracts, § 2832." Galveston, H. & S. A. Ry. Co. v. American Grocery Co. (Tex. Com. App.) 25 S.W.(2d) 588, 596.

█ "As said in Lane et al. v. Sullivan (Tex. Civ. App.) 286 S. W. 541, 542: 'Where, however, the party purporting to act as agent has no authority in fact, and the principal is sought to be held on the ground of apparent authority, the doctrine of estoppel is invoked. The rule in such cases in this state is correctly stated in Cleveland & Sons v. Houston Sporting Goods Store (Tex. Civ. App.) 166 S. W. 912, and quoted with approval in J. I. Case Threshing Machine Co. v. Morgan (Tex. Civ. App.) 195 S. W. 922, 924, as follows: "The doctrine of apparent authority to act as an agent is founded upon the law of estoppel, but in every case, in order to create an estoppel, the authority to act must be based upon facts. * * * The doctrine * * * does not apply unless the person dealing with the * * * agent * * * was misled by * * * the representation or conduct of the * * * principal. He must have been actually misled, and induced to act to his prejudice, by reason of the principal's conduct; he having on his part exercised due diligence to ascertain the truth."'" Butterworth v.

France (Tex. Civ. App.) 66 S.W.(2d) 369, 370, 371.

"Persons dealing with an assumed agent, whether the assumed agent be a general or special one, are bound, at their peril, to ascertain, not only the fact of the agency, but the extent of his authority. Kelly v. Pelt (Tex. Civ. App.) 220 S. W. 199; Rishworth v. Moss (Tex. Civ. App.) 191 S. W. 843, 848, affirmed (Tex. Com. App.) 222 S. W. 225; Connor v. Uvalde Nat. Bank (Tex. Civ. App.) 156 S. W. 1092; T. H. Baker & Co. v. Kellett-Chatham Machinery Co. (Tex. Civ. App.) 84 S. W. 661, 662." 2 Texas Jurisprudence, p. 408.

"Where a landowner instructs an agent, who is employed by the year at a specific salary, to look after certain lands, but who has no general authority to sell the lands, to sell a portion thereof, the agent cannot make a contract with a broker for the sale thereof which will bind the principal to pay the broker for his services in effecting a sale." Williams v. Moore et al., 24 Tex. Civ. App. 402, 58 S. W. 953.

There is some evidence that Goen had authority, when expressly authorized, to sell certain land of his principal, but under the holding in Williams v. Moore, supra, this created no implied power in him to authorize another to sell and bind the principal to pay a commission. The "implied powers" of an agent has been defined to be those incidental to powers expressly given and requisite to effectuate the purpose of the express powers conferred. Goen was a resident of Floyd county, near where the Reed land was located, and any conclusion that his situation was such as to justify the inference that his principal contemplated he would be compelled to employ a broker to sell its lands is entirely without evidence to support it.

Emphasis is placed by appellee upon the contents of a letter written by appellant after the present controversy arose, canceling any listing of its lands with appellee. This, fairly considered, we think, referred to allegedly legal listing by Goen, and was not an acknowledgment that appellant had listed same with appellee.

It seems to us the Williams-Moore Case, supra, in its facts substantially parallels the instant one and controls its disposition.

We are not certain that the facts have been fully developed and will not reverse and render.

Believing, however, that the evidence brought forward in this record required a judgment for appellant, we will reverse and remand, for the reasons given above.

Reversed and remanded.