## TURNER & CO. v. GRAHAM GIN CO. et al.
### No. 1330.

Court of Civil Appeals of Texas. Eastland.
Oct. 26, 1934.

Fred T. Arnold, of Graham, for appellant.
Marshall & King, of Graham, for appellees.

LESLIE, Justice.

Turner & Co. instituted this suit against the Graham Gin Company and others, on a promissory note alleged to have been executed by that company and signed "Graham Gin Company by O. G. Browder." The answer presented a general denial, plea of non est factum, a special verified denial, on the part of the company and C. L. Maloy, of the authority of O. G. Browder to execute the note in behalf of either. The defendant Browder entered a general denial. A garnishment was run against the money in the bank and Maloy replevied. At the conclusion of the trial, which was before the court without a jury, judgment was entered in favor of "C. L. Maloy (doing business under the trade name of Graham Gin Company at Graham, Texas) and O. G. Browder." The plaintiff appeals, presenting several assignments of error which will be considered in the light of the propositions briefed. The record contains a statement of facts.

The plaintiff's suit proceeds upon the theory that C. L. Maloy and O. G. Browder were partners in the operation of the Graham Gin Company, and that as such partner, Browder had authority to execute the note in suit and bind the partnership and Maloy. There is an alternative plea that if no such partnership existed, then Browder, being the general manager of the gin company, was the agent of Maloy, the owner thereof, and had "implied authority to buy cotton for the gin and to pledge the credit of the gin company to pay for such cotton."

There is nothing in the record to support the partnership theory of liability, and that contention may be dismissed with brief consideration. Browder, the alleged partner, testified on direct examination: "* * * The company was purchased by Mr. Maloy and I was to have an interest in it if I could pay for it; I never did pay for my interest and hence I suppose that I am not a partner: I am the general manager of the gin and have been for several years; I run the gin myself and transact all the business that it does at this place * * *."

On cross-examination he stated: "I am not a partner in the Graham Gin Company."

On the same point, Maloy testified: "I am the sole owner of the Graham Gin Company. * * * O. G. Browder does not have any interest in the Graham Gin Company. He never did have any interest in it. He is the general manager of the gin at Graham."

There is no testimony that the alleged partnership relation ever existed between Maloy and Browder; but if it be conceded that there was some testimony raising such issue, the court has resolved the same in favor of the defendants and against the existence of the partnership, and the judgment will not be disturbed by this court.

As necessarily found by the court and supported by the testimony, Maloy was at all times the sole owner of the Graham Gin Company; he was the Graham Gin Company. Browder was the general manager of the company which was doing a general ginning business in that locality. If Maloy is to be held liable on the note in suit, it must be upon the ground that Browder, as such manager, had the *actual authority* to execute the note in the name of his company, or the company's course of business warranted plaintiff in advancing the loan and taking the note in evidence thereof.

Such *actual authority* may be express or implied. The appellant does not appear to make any contention that Browder had any express authority to execute the note to enable the gin company, or Maloy, to engage in the cotton business during the season of 1932. The testimony conclusively shows that Maloy denied him any such authority. Browder himself testified: "At the end of the 1931 season, Mr. Maloy told me to stop buying cotton and not to buy any more. This was my instruction during the year 1932 * * *,

Mr. Maloy never did allow me to make any financial arrangements about the gin." Mr. Maloy testified: "I do all the financing of my gins and I do not buy cotton, nor allow any of my men to buy cotton for my gins. O. G. Browder did buy cotton during the year 1931 for the Graham Gin Company. He lost money on it and I gave him explicit instructions at the beginning of the 1932 season that he was not to buy cotton for the Graham Gin Company. I did not know that he was buying cotton during the year 1932 and had I known it, I would have made him stop. * * * I never did give O. G. Browder any authority to borrow money for the Graham Gin Company, or to execute notes for the Graham Gin Company. I attend to all of the borrowing myself. * * *. If O. G. Browder signed the note in question, he had no authority from me to sign it and I am not bound by the note. The gin lost money during the year 1932 and the $220 left in the bank at the close of the season was money that was taken in by the gin. The cotton account of Mr. Browder for the year 1932 shows a loss. This is Mr. Browder's loss and not mine."

Upon the question of Browder's implied authority as general manager to borrow money on the credit of his employer to be put up with the bank as a margin to enable him to speculate in the purchase and sale of cotton, and to execute in the name of his employer a negotiable note therefor, we are of the opinion that no such implied authority existed in this case. The test of implied authority in a given case is that it is proper, usual, and necessary to the exercise of the authority actually granted. In other words, the exercise thereof must be essential to the business in hand. Continental Oil Co. v. Baxter (Tex. Civ. App.) 59 S.W.(2d) 463; City National Bank v. Phillips Pet. Co. (Tex. Civ. App.) 47 S.W.(2d) 357. Such a loan, and execution of a note therefor, were neither proper, necessary, nor usual in the management of the gin, and hence there could be no implied authority warranting the general manager in executing the instrument in the name of his principal.

■ The power to execute bills and notes is to be strictly limited and will never be lightly inferred, but ordinarily must be conferred expressly. In other words, the authority of an agent to execute a promissory note in behalf of his principal, and make it a binding obligation on him, may be implied when the exercise of such authority is so necessary to the accomplishment of the agency that the

intent of the principal to confer it must be presumed in order to make the power of the agent effectual. C. H. McCormick Bros. v. Bush, 38 Tex. 315; Noel v. Denman, 76 Tex. 306, 13 S. W. 318; 12 A. L. R. 111, note; Denison v. Nunn (Tex. Civ. App.) 293 S. W. 838; Means v. Harvey (Tex. Civ. App.) 299 S. W. 344; Weekes et al. v. A. F. Shapleigh Hdw. Co., 23 Tex. Civ. App. 577, 57 S. W. 67; Jackson Paper Mfg. Co. v. Commercial Nat. Bank, 199 Ill. 151, 65 N. E. 136, 59 L. R. A. 657, 93 Am. St. Rep. 113; 2 C. J. p. 636, § 280.

■■ Notwithstanding Maloy forbade Browder to purchase cotton in the season of 1932, there is some evidence that during the year 1931 he permitted Browder, while managing the gin, to engage in buying and selling cotton in the name of the gin company. There is evidence that the plaintiff was cognizant of that fact, and on occasions purchased cotton from the gin company through Browder. Further, there is testimony that the plaintiff was never aware of the fact that Maloy instructed Browder to refrain from buying cotton during the year 1932. If this and kindred testimony be taken as true, it would have no bearing upon the disposition of this appeal. Such facts would be material only in a case where the plaintiff sought to fix the liability of the defendant on the ground that the employer (defendant here) had, by his conduct and course of business, vested in the agent apparent or ostensible authority to borrow the money and execute the note therefor. This court held in Continental Oil Co. v. Baxter, supra, that to hold a defendant liable on the contract of an agent without actual authority but within the scope of such agent's apparent authority, it is necessary to present the issue of such authority by a plea of estoppel. We have, therefore, carefully examined the appellant's pleadings in this case, and we find no such allegations therein presenting the issue of estoppel. No such question being presented, the evidence, if any, bearing upon that issue must be disregarded.

There is one assignment challenging the ruling of the trial court in the exclusion of certain testimony, and another for the admission of testimony. These assignments have been considered, and are believed to be without merit, and are overruled.

■ There is no pleading seeking a judgment against Browder other than as a partner of Maloy. There is no pleading in the alternative seeking a judgment against Browder on any alleged unauthorized contract by an agent; hence plaintiff was not en-

titled to a judgment against Browder. First State Bank of Roby v. Hilbun (Tex. Civ. App.) 61 S.W.(2d) 521; Sydnor v. Hurd, 8 Tex. 98, 104; McCormick Bros. v. Bush, supra; 2 C. J. p. 807, § 480.

For the reasons assigned, the judgment of the trial court is affirmed.