WESTERN PRODUCE CO., Inc., et al. v. CITIZENS STATE BANK.

No. 1743.

Court of Civil Appeals of Texas. Eastland.

Jan. 21, 1938.

Rehearing Denied Feb. 18, 1938.

952

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, Justice.

A draft in the sum of $276, purportedly drawn by Western Produce Company, a corporation, acting by Wayne Pitman, upon said company, itself, as drawee, and payable to the said Wayne Pitman, was cashed by the Citizens State Bank of Knox City, upon the indorsement of the payee. Upon due presentation to the drawee, payment was refused. This suit was brought by said bank against said Western Produce Company to recover the amount of the draft and against said Wayne Pitman upon his indorsement. The defendant Western Produce Company pleaded non est factum, thus tendering the issue of said Pitman's authority to bind Western Produce Company by the draft.

By supplemental petition plaintiff pleaded estoppel of defendant Western Produce

Company to deny the authority of Pitman. Said defendant urged a general demurrer to plaintiff's pleadings and a special demurrer, or exception, to the supplemental petition, both of which were overruled.

Upon a nonjury trial the court gave judgment for plaintiff against both defendants, from which the defendant Western Produce Company alone has appealed.

It is our conclusion that appellee's pleadings (Plaintiff's Original Petition, and "Plaintiff's [First] Supplemental Petition") were not subject to general demurrer, as contended by appellant, and that the court, therefore, did not err in overruling same.

■ We are also of the opinion that there was no error in the action of the court in overruling the special exception to appellee's supplemental petition. The proposition urged under the assignment alleging that the court erred in overruling said special exception presents the point that it was "incumbent upon plaintiff, in order to recover, to specifically plead that the agent had theretofore drawn drafts payable to his own order; plaintiff paying him cash thereon, and that defendant had honored said drafts on presentation to it for payment." We are inclined to the view that the proposition is sound, but it seems to us the special exception did not, with requisite certainty and specificness, point out such defect in the pleading. The exception asserted that the pleading consisted of "conclusions on the pleader's part not specifying therein any fact or facts as to which this defendant will be confronted with on the trial of this cause and said allegations do not set forth with any degree of certainty the date or dates of said drafts as drawn by said purported manager, to whom payable 'and in what amount or amounts said drafts were drawn, nor do said allegations apprise this defendant of the party or parties cashing same, and in the absence of such specific allegations this defendant is deprived of its ability to properly prepare its defense." It thus appears that there is nothing in the exception to call the attention of the court to the fact that the pleading was deficient in the particular respect contended for in the proposition. As to that defect the special exception was no more than a general demurrer.

■ As against the attack made upon it by this appeal, the judgment of the court below was correct, unless the finding upon the issue of estoppel was without evidence to support it. No effort is made to sustain the judgment on the ground that Pitman had actual authority, express or implied, to draw the draft payable to himself. It is correctly recognized that the principle of liability involving apparent or ostensible authority of an agent, as contradistinguished from actual authority, express or implied, is the same as the principle of estoppel. Continental Oil Co. v. Baxter, Tex.Civ.App., 59 S.W.2d 463, and authorities there cited. Appellant contends, in effect, that apparent or ostensible authority of Pitman to draw the draft, or what is the same thing, the estoppel of appellant to deny such authority, was, as a matter of law, not shown, in that it was not shown that appellee knew of other instances where the said Wayne Pitman had drawn and cashed drafts on appellant, payable to his own order, which had been honored by appellant; nor that appellee had relied upon previous transactions of such nature.

■ It may be well at this point to consider some applicable legal principles. We think the suit is properly to be regarded as one in which the cause of action asserted is upon the draft, rather than for recovery of the money paid on the draft; the instrument being of the nature of either an accepted bill of exchange or a promissory note. "A bill drawn on the drawer himself is in effect the promissory note or the accepted bill of the drawer, at the holder's election." 8 C.J. 182, § 309. "The negotiable instruments law also expressly provides that, where in a bill drawer and drawee are the same person, or where the drawee is a fictitious person, or a person not having capacity to contract, the holder may treat the instrument, at his option, either as a bill of exchange or a promissory note." Id. By the same authority it is said that "the fact that an agent exceeds his authority in executing or transferring negotiable paper will not constitute a defense to an innocent holder, where he acts within the apparent scope of his authority." 8 C.J. 776, § 1042. "In the absence of anything to show a different intention, the power to make or indorse commercial paper will be construed as extending only to bills, notes, or drafts executed or indorsed in the business of the principal and for his benefit. The broadest possible authority to make and indorse paper presumptively is to be exer-

cised in the principal's interest only, and does not impliedly extend to making or indorsing paper for the accommodation of third persons, *and still less for the agent himself*. Accordingly, in the absence of the very clear showing of such authority, an agent has no power under the broadest terms in the letter of appointment to make or indorse negotiable paper *for his own interest,* in the name of his principal * *. * * * and if the paper is made payable to the agent himself it should put third persons on guard as to the agent's authority and the purposes for which he is using his principal's credit." (Italics ours.) 2 C.J. 641, § 285.

There was evidence in this case sufficient to show, or raise an issue of the fact, that Pitman and possibly other managers of appellant's business at Knox City had drawn drafts in the name of appellant, almost always in small amounts of a few dollars, in payment of produce purchased; said drafts being payable to the sellers. There was also evidence to show that drafts had been drawn and paid in which the bank was payee and the money furnished directly to the managers, presumably—there being no evidence to the contrary—for use in appellant's business. In our opinion, no estoppel could be founded upon such a course of dealing. In Texas Jurisprudence it is deduced from the authorities that "Before the doctrine of authority by estoppel may be invoked, two important facts must be clearly established: First, the principal must have held the agent out in other instances or in the particular transaction as possessing authority sufficient to embrace the particular act in question, or must have knowingly acquiesced in the agent's assertion of the requisite authority; Second, the person dealing with the agent must have relied upon such representations or conduct of the principal to his prejudice." 2 Tex.Jur. 508, § 110. In 2 Corpus Juris Secundum, it is said that "Third persons doing business with him [agent] must exercise reasonable diligence to ascertain the extent of the authority, particularly where the paper is made payable to the agent himself, a circumstance which should put them upon guard." 2 C.J.S., Agency, p. 1306, § 112. There seems to us to be no escape from the conclusion that, under the circumstances presented by this record, the very minimum of evidence necessary to support the issue of estoppel would include evidence that drafts had been drawn by

Pitman, in the name of his employer, *payable to himself* and which drafts had been paid. To establish such fact the burden of proof was upon the appellee. Upon that point, if it can be said there was any testimony, it was so inconclusive and uncertain that we think it should be considered to be as a matter of law no evidence at all. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. The only certain evidence of any draft ever drawn payable to Pitman was a draft for $1, and that was for produce sold by him to the company and therefore no different from the numerous other drafts of that character.

This court, in the opinion by Judge Leslie, in Turner v. Graham Gin Co., Tex.Civ.App., 75 S.W.2d 955, 957, upon the authority of the many decisions cited, declared the rule to be that the "power to execute bills and notes is to be strictly limited and will never be lightly inferred, but ordinarily must be conferred expressly. In other words, the authority of an agent to execute a promissory note in behalf of his principal, and make it a binding obligation on him, may be implied when the exercise of such authority is so necessary to the accomplishment of the agency that the intent of the principal to confer it must be presumed in order to make the power of the agent effectual." If such be the rule governing implied authority of an agent to execute such instruments without regard to the payee therein, it is easily to be seen how much more restricted would be the implication of authority when the agent is himself the payee. The rule above stated has reference, of course, to the subject of implied authority with which we are not now dealing, but certainly a combination of facts or circumstances which could not imply authority could not alone imply a representation that the agent had such authority.

Distinguishing the draft involved in this suit from all other drafts ever drawn by Pitman in the name of appellant as shown by any of the evidence was the fact that it was payable to himself, under circumstances not implying that it was to be used in the business. That it was for a larger amount by many times than any draft ever shown to have been drawn by him for any purpose. It was drawn after he ceased to be the manager of appellant *at Knox City.* The fact that such draft was payable to Pitman, under

the circumstances, we think, as a matter of law, according to the authorities hereinbefore quoted, imposed upon the appellee the duty of inquiring from other sources than the purported agent himself, whether such agent was authorized by appellant to draw the draft.

This conclusion requires that the judgment of the trial court be, as between plaintiff and Western Produce Company, reversed and remanded, but as to the defendant Wayne Pitman it be affirmed. It as accordingly so ordered.

Affirmed in part and reversed and remanded in part.